Sandra D. Lynch, Esq. (Hawai`i #8584)
Lynch Law Offices, LLLC
204 11th Street
Honolulu, HI 96813
Telephone:808-312-4913
Facsimile: 808-490-0490
lynchlawhaw@gmail.com


Daniel L. Feder (California #130867)
(*motion for pro hac vice admission pending*)
LAW OFFICES OF DANIEL FEDER
235 Montgomery Street, Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile: (415) 391-9432
daniel@dfederlaw.com


Attorneys for Plaintiff,
Laurie Bolos, on behalf of herself
and all others similarly situated

# UNITED STATES DISTRICT COURT

# DISTRICT COURT OF HAWAI`I

| | |
|---|---|
| LAURIE BOLOS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Grand Wailea A Waldorf Astoria Resort; Waldorf Astoria Beverly Hills; KEVIN B. Hair and Beauty, LLC; Waldorf Astoria LLC; GW Manager LLC; BRE Iconic GWR Owner LLC; BRE Hotels & Resorts LLC; John Paul Oliver; Allen Federer; Joseph Berger; Bart Santiago, as individuals; and DOES 1-25,<br><br>Defendants. | Case No.:<br><br>Class Action Complaint for:<br><br>1. Willful Misclassification;<br>2. Failure to Pay Minimum Wage and Overtime in Violation of Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;<br>3. Racketeering in Violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1962(c);<br>4. Failure to Pay all Wages, Minimum Wage, and Overtime in Violation of HAW. REV. STAT. §§ 388-2, 388-3, 388-10 AND § 387-12;<br>5. Failure to Provide and Maintain Accurate Wage Statements in Violation of HAW. REV. STAT. § 388-10;<br>6. Willful Misclassification of Employees in Violation of Haw. Rev. Stat. § 387-12;<br>7. Failure to Provide Temporary Disability Insurance in Violation of HAW. REV. STAT. §§ 392-47 AND 392-92*;* |

The Law Offices of Sandra Lynch
204 11th Street. ◆ Honolulu, HI 96813

8. Failure to Provide Employment Security Benefits in Violation of HAW. REV. STAT. §§ 383-73 AND 383-142;

9. Failure to Provide Prepaid Group Health Insurance in Violation of HAW. REV. STAT. § 393-33.

10. Failure to Provide Meal Periods, in Violation of Cal. Labor Code § 226.7 AND § 512 and the Wage Orders;

11. Failure to Authorize or Permit Rest Breaks, in Violation of Cal. Labor Code § 226.7 and the Wage Orders;

12. Failure to Pay All Wages and Overtime in Violation of Cal. Labor Code §§ 204, 210, 510

13. Willful Failure to Pay All Wages Upon Separation in Violation of Cal. Labor Code § 201, § 202, AND § 203;

14. Willful Failure to Provide Accurate Wage Statements in Violation of Cal. Labor Code § 226;

15. Failure to Provide Workers' Compensation Insurance;

16. Failure to Provide Workers' Compensation Benefits in Violation of Cal. Labor Code §§ 3700.5, 3722(b), 3722(d), 3722(f);

17. Failure to Maintain Written Commissions Agreement or with Sufficient Specificity in Violation of Cal. Labor Code § 204, 2751

18. Unfair Business Acts and Practices in Violation of Cal. Business and Professions Code § 17200, *et seq*;.

19. Unjust Enrichment/Restitution

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. Plaintiff Laurie Bolos ("Plaintiff"), through her undersigned counsel, individually and on behalf of all similarly situated individuals, files this Class and Collective Action Complaint against Defendants Grand Wailea Waldorf Astoria  ("Grand Wailea"), The Waldorf Astoria Beverly Hills ("Beverly Hills Waldorf Astoria"), KEVIN B. Hair and Beauty, LLC ("KEVIN B"), Waldorf Astoria

Management LLC ("Waldorf Astoria Management") (hereinafter, Defendants Grand Wailea, Beverly Hills Waldorf Astoria, and Waldorf Astoria Management LLC are collectively referred to as "Waldorf Astoria"), BRE Iconic GWR Owner LLC ("BRE"), GW Manager LLC ("GW Manager/Hilton"), BRE Hotels & Resorts LLC ("BRE Hotels"), and DOES 1-25 (all parties collectively, "Defendants"), seeking all available relief under the federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq*.; the ("RICO Act") 18 U.S.C. § 1961, *et seq*.; the Hawai`i Revised Statutes §§ 392-47, 392-47, 388-2, 388-3, 388-10, 387-12, 383-142, 383-73, 393-33, and 480-13; the California Labor Code §§ 203, 204, 210, 510, and 1194; the California Business & Professions Code §17200, *et seq*.; Hawai`i common law; and California common law, arising out of her employment relationship with Grand Wailea.

2.      Plaintiff, and those similarly situated, were hired by Defendants to perform various services for Grand Wailea and Waldorf Astoria hotel guests, including, but not limited to, hair styling, massage therapy, nail care and design, facilities maintenance, groundskeeping, and window washing. Defendants misclassified Plaintiff, and those similarly situated, as independent contractors, even though they served as employees for purposes of the federal and state wage-and-hour protections giving rise to the claims stated herein.

3.      Specifically, Plaintiff complains that Grand Wailea misclassified Plaintiff and all other members of the class as independent contractors, as opposed to employees, at all times in which they worked as hotel staff for Defendants.  Defendants failed to pay Plaintiff and similarly situated workers the minimum wages and overtime benefits that they were entitled to under applicable federal and state laws. To remedy these illegal practices, Plaintiff brings this action as a collective and class action pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23, respectively.

4.      The individuals that Plaintiff seeks to represent in this action are current and former hotel staff who were improperly classified as independent contractors by Defendants within the states of Hawai`i and California. As a result, they were not paid overtime premium pay or provided legally required meal or rest breaks. Further, they were not paid all wages to which they were owed and entitled, were not issued legally compliant wage statements, and were not timely paid all accrued wages upon separation of their employment.  Lastly, by virtue of their misclassification, they did not

The Law Offices of Sandra Lynch
204 llth Street. ◆ Honolulu, HI 96813

1  receive mandatory benefits entitlements pursuant to state and federal law, including, but not limited

2  to, workers' compensation insurance, short-term disability insurance, retirement and social security

3  benefits, unemployment insurance, and health insurance.

4  **PARTIES**

5       5.     Plaintiff Laurie Bolos is an adult female and a resident of Hawai`i. Plaintiff Bolos,

6  was offered a position as a Nail Technician in the Spa Grande at Defendant Grand Wailea's hotel

7  located at 3850 Wailea Alanui Drive, Wailea HI 96753.  Pursuant to 29 U.S.C. § 216(b), she has

8  consented in writing to being a Plaintiff in this action.

9       6.     Grand Wailea-A Waldorf Astoria Resort ("Grand Wailea") is a luxury resort owned

10  and operated by Waldorf Astoria Management LLC ("Waldorf Astoria Management"), a Virginia

11  limited-liability corporation, with its principal place of business located at 7930 Jones Branch Drive,

12  McLean, VA 22102.  Through its agents and employees, Waldorf Astoria Management exercised

13  control over the worked performed by Plaintiff and similarly situated hotel staff during the relevant

14  period.

15       7.     Waldorf Astoria Beverly Hills is a luxury resort located at 9850 Wilshire Blvd,

16  Beverly Hills, CA 90210 and is likewise owned and operated by Waldorf Astoria Management.

17       8.     KEVIN B. Hair and Beauty, LLC is a California limited-liability corporation with a

18  principal place of business located at 9873 S. Santa Monica Blvd., Beverly Hills, CA 90212. KEVIN

19  B. Salon is located within the Waldorf Astoria Beverly Hills.  KEVIN B. and Waldorf Astoria

20  Beverly Hills and Waldorf Astoria Management served as joint employers of class members residing

21  and employed within the State of California.

22       9.     Grand Wailea is registered with the State of Hawai`i Secretary of State through GWR

23  Manager LLC ("GWR Manager/Hilton"), via its agent Corporation Service Company, with a

24  principal place of business located at 1003 Bishop Street, Suite 1600 Pauhai Tower, Honolulu, HI

25  96813.

26       10.     GWR Manager/Hilton is a Delaware limited-liability corporation with its principal

27  place of business located at 850 New Burton Road, Suite 201, Dover, DE 19904.

28       11.     BRE Iconic GWR Owner LLC ("BRE") is an Illinois limited-liability corporation,

The Law Offices of Sandra Lynch
204 llth Street. ◆ Honolulu, HI 96813

with its principal place of business located at 233 S. Wacker Drive, Suite 4700, Chicago, IL 60606.

12.    BRE is the parent company of GWR Manager/Hilton.  Upon information and belief and for purposes of this class and collective action, these Defendants are inextricably entwined and indistinguishable as separate business entities or enterprises.  Hereinafter, they are collectively referred to as "GWR."

13.    Upon information and belief, GWR and Waldorf Astoria Management developed Grand Wailea's and Waldorf Astoria Beverly Hills' business model, under which staff assigned to salons, spas, groundskeeping, and facilities maintenance within its Hawai`i and California hotels were misclassified as "independent contractors."

14.    Upon information and belief, Waldorf Astoria Management directed Grand Wailea and Waldorf Astoria Beverly Hills to classify hotel staff assigned to the salon and spa, groundskeepers, and facilities maintenance workers as "independent contractors."

15.    BRE Hotels & Resorts ("BRE Hotels") is a Delaware corporation with its principal business place of business located at 251 Little Falls Drive, Wilmington, DE 19808, registered within the State of New York via its agent, Corporation Service Company, with a principal place of business located at 80 State Street, Albany, NY 12207.  BRE Hotels is a subsidiary of Blackstone Group Management, LLC, a Delaware limited-liability corporation, with a principal place of business located at Corporation Trust Center, 1209 Orange Street, in the City of Wilmington, County of New Castle, Delaware 19801.

16.    Joseph Berger is the President and CEO of BRE Hotels and a resident of New York,

17.    Bart Santiago is the Director of Finance of Grand Wailea and a resident of Hawai`i.

18.    John Paul Oliver is the Managing Director of Grand Wailea and a resident of Hawai`i.

19.    Allen Federer is the former Managing Director of Grand Wailea and a resident of Hawai`i.

20.    Berger, Santiago, Oliver, and Federer are collectively referred to as the "individual Defendants."

21.    Upon information and belief, the individual Defendants exerted control over the terms and conditions of Plaintiff's and other Class Members' employment and acted as key decision-makers

The Law Offices of Sandra Lynch
204 11th Street. ◆ Honolulu, HI 96813

in knowingly and willfully misclassifying Plaintiff and other Class Members.

22.    John Paul Oliver and Allen Federer dictated the terms of the contracts with hotel staff assigned to work at Grand Wailea during the relevant period, which included the rates paid to Plaintiff and the Class and Collective, the designation of Plaintiff, the Class and the Collective as independent contractors, and non-compete and non-solicitation provisions. Oliver and Federer personally executed each and every such independent contractor agreement on behalf of Grand Wailea during their respective tenures.

23.    Upon information and belief, Berger, Oliver, and Santiago are all currently involved in making financial and personnel decisions for Grand Wailea.

24.    Upon information and belief, Berger exerts similar control over the terms and conditions of employment of Class Members misclassified as independent contractors at the Waldorf Astoria Beverly Hills hotel.

25.    Defendants named herein as Does 1 through 25 are individuals, corporations, limited-liability companies, partnerships, associations, or other persons or entities who are responsible in some manner or capacity for the acts alleged herein, but whose names are unknown at this time. Plaintiff will seek leave to amend this Complaint to include the names and capacities of Does 1 through 25 when the identities and capacities of such Defendants become known to Plaintiff.

26.    Defendants developed and offered Plaintiff and similarly situated hotel workers the contracts that willfully misclassified Plaintiff and those similarly situated as independent contractors. Plaintiff, and those similarly situated, are current and/or former staff who were employed by Defendants to perform work at the Grand Wailea Resort in Hawai`i and at the Waldorf Astoria Beverly Hills in California.

27.    The "FLSA Class Members" are all current and former hotel staff of Defendants who were misclassified as independent contractors and were not paid for all hours worked in the three-year period before the filing of this action to the date of judgment.

28.    The "Hawai`i Subclass Members" are all current and former hotel staff of Defendants who were misclassified as independent contractors and were not paid for all hours worked in the six-year period before the filing of this Complaint to the date of judgment.

The Law Offices of Sandra Lynch
204 Ilth Street. ◆ Honolulu, HI 96813

6

The Law Offices of Sandra Lynch
204 11th Street. ◆ Honolulu, HI 96813

29.    The "California Subclass Members" are all current and former hotel staff of Defendants who were misclassified as independent contractors and were not paid for all hours worked in the four-year period before the filing of this Complaint to the date of judgment.

30.    The FLSA Class Members, Hawai`i Subclass Members, and California Subclass Members are collectively referred to herein as "Class Members."

31.    At all times relevant to this action, Defendants were and are legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employers of Plaintiff and the Class Members.

## JURISDICTION & VENUE

32.    This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction."

33.    Federal question jurisdiction is conferred by Plaintiffs' claims under the Federal Racketeer Influence and Corrupt Organizations Act, 18 USC § 1961, *et seq* ("RICO").

34.    This Court also has subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"). CAFA grants federal courts original jurisdiction over any class action in which the proposed class has at least 100 members, any member of the proposed class is a citizen of a state different from any defendant, and the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs. At least one putative Class member is a citizen of a state different from Defendant. On information and belief, the amount in controversy exceeds $5 million, and the proposed class membership far exceeds 100 similarly situated individuals.

35.    Personal jurisdiction is proper before this Court because Defendants have purposefully availed themselves of the privileges of conducting activities in the State of Hawai`i and established minimum contacts sufficient to confer jurisdiction.

36.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims arise from a common set of operative facts and are so related to the claims within this Court's original jurisdiction that they form a part of the same case or

controversy.

37.    Venue is proper in the U.S. District Court of Hawai`i under 28 U.S.C.§1391(b)(2) in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## JOINT EMPLOYER ALLEGATIONS

38.    Defendants were the joint employers of Plaintiff Bolos ("Plaintiff") and members of the Class and the Collective for purposes of this action.

39.    Defendants directed, controlled, or supervised, directly or indirectly, the work of Plaintiff and the Class Members, and thus, were or are their joint employers under the FLSA, Hawai`i, and California laws.

40.    Defendants controlled the work schedule and other terms and conditions of Class Members' employment.

41.    In particular, Defendants, through their salaried managers and the individual Defendants named herein, supervised the hotel staff hired as independent contractors, which was comprised of spa and salon workers, maintenance workers, groundskeepers, and window washers.

42.    Defendants possessed the authority to fire the hotel staff, and in fact, exercised such authority.

## GENERAL ALLEGATIONS

43.    In or around 1996, Plaintiff was hired by Grand Wailea and employed by Defendants as a nail technician within Grand Wailea's Spa Grande.  Plaintiff was hired as a purported independent contractor.  Plaintiff later was promoted to the position of a lead worker but remained a purported independent contractor for the full duration of her decades-long employment.

44.    Sometime in or around 1998, Defendants terminated Wailea Spa Grande employees and rehired them as "independent contractors."  Upon information and belief, this action was taken predominantly to relieve Defendants of their legal obligations under federal and state labor laws to fairly compensate their employees, pay them overtime and minimum wage, pay social security taxes on their income, and provide them with required disability insurance, workers' compensation, retirement benefits, paid time off, sick leave, and health insurance.

The Law Offices of Sandra Lynch
204 11th Street. ◆ Honolulu, HI 96813

The Law Offices of Sandra Lynch
204 llth Street. ◆ Honolulu, HI 96813

45.    Plaintiff's "independent contractor agreement" provides that she is to be paid a 50% commission on all nail services performed on clients of Spa Grande.

46.    Plaintiff and Class Members were presented with *pro forma* independent contractor agreements, generally at one-year intervals, but sometimes, at much longer intervals, by management of Defendants. Each time the agreement was renewed, Plaintiff and Class Members were not provided with an opportunity to negotiate any terms or conditions or time to review the contract prior to its presentation for their signature.  This circumstance is consistent with a "take it or leave it" approach.

47.    The Defendants hired other individuals that they similarly misclassified as independent contractors within the Spa Grande, including hair stylists, massage therapists, and nail technicians. Defendants also misclassified other similarly-situated workers as independent contractors at Waldorf Astoria properties in Hawai`i and California, including facilities maintenance workers, groundskeepers, and window washers.

48.    Plaintiff and other Class Members perform a service in the usual course of Waldorf Astoria's business.  Waldorf Astoria's website via "Hilton.com" prominently advertises its "unforgettable spas" and "iconic resorts." Plaintiff and Class Members provide integral services to the brand and business of Waldorf Astoria—services which distinguish Waldorf Astoria from other international luxury hotel brands. Without Plaintiff and Class Members, Waldorf Astoria could not provide the services it provides in the usual course of its business.

49.    Plaintiff and Hawai`i Subclass Members were also required to abide by a litany of policies and rules imposed by Waldorf Astoria and Grand Wailea and designed to control the performance of their work. Plaintiff and Hawai`i Subclass Members were not free to perform work as they wish and were constantly micromanaged by Grand Wailea management.

50.    Similarly, California Subclass Members working within the KEVIN B Salon at the Waldorf Astoria Beverly Hills were subjected to unilaterally imposed standards and substantial control by Waldorf Astoria.  Defendants assumed a landlord-tenant relationship with KEVIN B Salon in an attempt to shield themselves from liability for willful misclassification and insert an "intervening force" to break the chain of direct causation between Defendants' actions and the

9
CLASS ACTION COMPLAINT

California Subclass Members' injuries and losses. These allegations are based on information and belief, and are likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

51.     Defendants, via the Spa Grande at Grand Wailea and KEVIN B Salon, provided the Plaintiff and Class Members with styling tools, products, workstations, and all other stock items, materials, and equipment necessary to perform their jobs.

52.     Plaintiff and Hawai`i Subclass Members were at one time required to wear matching uniforms that were issued by Grand Wailea. Plaintiff and Hawai`i Subclass Members are presently required to wear a uniform of all black attire and comply with a "dress code."

53.     Plaintiff and other Class Members were scheduled on a full- or part-time basis and were required to remain physically present at the worksite, even at times when there was an absence of clients for whom to provide services. These rigid schedules and hours requirements had the effect of precluding Plaintiff and other Class Members from seeking other business opportunities, working for other employers or offering their services outside of their employment with Grand Wailea and Waldorf Astoria Beverly Hills.

54.     Defendants prevented Plaintiff and Hawai`i Subclass Members from performing services for clients on the hotel's property outside of the Spa Grande or being contracted by hotel clients for special events and weddings. These flat prohibitions had the purpose and effect of barring Plaintiff and Hawai`i Subclass Members from marketing their services to a considerable market share of available work on the island of Maui.

55.     Plaintiff and other Class Members were restricted from giving clients their mobile phone numbers or personal contact information. As such, Plaintiff and Class Members could not contact clients independently and this rule further impaired the Plaintiff and Class Members' ability to market their services independently.

56.     Defendants' opportunity for profit and loss far exceeded Plaintiff's and other Class Members' opportunity for profit and loss. Grand Wailea and Waldorf Astoria Beverly Hills, in concert with Waldorf Astoria Management and GW Manager/Hilton, also made all hiring decisions and had the ability to fire Plaintiff and other Class Members. Like employees of the hotel, Plaintiff

The Law Offices of Sandra Lynch
204 llth Street. ◆ Honolulu, HI 96813

and other Class Members were subjected to progressive discipline for failing to meet performance standards and expectations unilaterally imposed by Defendants. Defendants' salaried employees and managers dictated to Plaintiff and other Class Members when to discipline and terminate spa and salon workers. In practice, despite the termination provisions provided within the independent contractor agreements giving the illusion of a "just cause" requirement, Plaintiff and other Class Members could be discharged at any time like an "at-will" employee.

57.    Defendants exercised considerable control over when and how Plaintiff's and other Class Members' work was performed.

58.    Plaintiff and Hawai`i Subclass Members received extensive training through Grand Wailea directing the methods by which work is accomplished and performed to Grand Wailea's standards and expectations and were evaluated on their performance of the work—not just the end result or outcome of the work.

59.    Defendants repeatedly required and directed Plaintiff and other Class Members to perform complimentary and gratuitous services to Defendants' employees attending trade shows and other work functions. Plaintiff and other Class Members were never compensated for this work or their time.

60.    Defendants paid Hawai`i Subclass Members on either an hourly or commissions basis. Plaintiff received a 50% commission on services rendered.

61.    Plaintiff and other Class Members routinely worked in excess of 40 hours per week, but Defendants failed to pay them any overtime compensation.

62.    Defendants controlled and dictated the work schedule of Plaintiff and other Class Members. Defendants assigned Plaintiff and other Class Members to work part- and full-time schedules and controlled the days and hours that they worked. Defendants required Plaintiff and other Class Members to prospectively inform the spa receptionist of any changes to their scheduled services. Plaintiff and other Class Members were not free to come and go and lacked meaningful control of their schedules or what work they performed and how and when they performed it.

63.    Clients of Plaintiff and other Class Members paid hotel management directly for services—not the stylists, nail technicians, or massage therapists. Plaintiff and other Class Members

11
CLASS ACTION COMPLAINT

The Law Offices of Sandra Lynch
204 llth Street. ◆ Honolulu, HI 96813

were paid biweekly in the same manner and schedule and through the same company as W-2 employees.

64.     At the Spa Grande within the Grand Wailea where Plaintiff worked, there were more than ninety (90) massage therapists and approximately twenty-five (25) nail technicians, lead technicians, stylists, and lead stylists employed and willfully misclassified as independent contractors at any time during the relevant time period.  Upon information and belief, hundreds, if not thousands, of hotel workers at Waldorf Astoria and GWR/Hilton-owned properties were similarly affected.

65.     Defendants provided meals to Plaintiff and other Class Members for some period of years in the same manner as its W-2 employees but eventually stopped this practice because management was concerned about the identical treatment of employees and independent contractors.

66.     Somewhat regularly, Defendants supplemented their workforce by hiring external independent contractors to provide services during intervals of time when the customer volume exceeded staffing capabilities.  These external contractors were treated as true independent contractors, insofar as clients paid them directly, they were required to supply their own tools and materials, they received the full value of their services directly, they worked for set timeframes on a project-basis, and they were not subject to the same degree of control as Plaintiff and Hawai`i Subclass Members in terms of their schedules and ability to market their services elsewhere.

67.     When Plaintiff and other Class Members wanted to reduce their hours or their days worked per week, Defendants' management set minimum hours standards which prevented it, despite existing staff shortages.

68.     Plaintiff and other Class Members' functional duties included, but were not limited to, the following: advertising for open Spa shifts on Craigslist.com and other platforms; onboarding and training workers on Salon and Spa policies, procedures, services, and standards; providing coverage for stylists and other staff by filling in for those who called in sick; interviewing applicants and making hiring decisions; overseeing scheduling and staffing; supervising other contractors' performance; enforcing dress code, service standards, and conduct requirements; receiving and addressing client complaints; and implementing progressive discipline procedures at the direction of Defendants' management. Plaintiff, together with other "lead" workers and other Class Members,

The Law Offices of Sandra Lynch
204 11th Street. ♦ Honolulu, HI 96813

assumed supervisory and managerial functions and responsibilities that were largely identical to and indistinguishable from those performed by the permanent, salaried managerial staff.

69.    Plaintiff was required to maintain and hold out her personal active business and professional licenses as the underlying licensure necessary for the Spa Grande's operations—essentially placing all risk and vicarious liability on Plaintiff for injuries to clients and their property.

70.    Defendants had managerial staff who conducted "meetings" with Plaintiff and other Class Members for various reasons, including warnings of the risk of termination and terminations of employment.

71.    Plaintiff and other Class Members were not paid overtime compensation (*i.e.*, one and a half times their regular rate/hourly wage and/or double their regular rate/hourly wage) for hours they worked over eight hours in a workday or for hours they worked in excess of forty (40) hours a week.

72.    Plaintiff and other Class Members were expected to remain throughout their entire shift, and Defendants did not keep an accurate timekeeping system as required by law.  Defendants' timekeeping system only accounted for the time that Plaintiff and other Class Members spent performing services to clients but did not account for time spent in the workplace between appointments.  Plaintiff and other Class Members performed other work for the benefit of Defendants in between client appointments, including, but not limited to, cleaning and organizing workstations, performing laundry, taking inventory of and ordering stock and equipment, and scheduling.  Thus, Defendants' timekeeping records grossly and unlawfully underreported the hours that Plaintiff and other Class Members worked, and Plaintiff and other Class Members did not receive all compensation owed.

73.    Plaintiff and other Class Members were not paid a minimum guaranteed salary or hourly wage.  If there were no customers within the Spa, they nonetheless were required to remain during their scheduled shifts and would not be paid.  This had the effect of driving Plaintiff and other Class Members' hourly wage below the applicable state minimum wage when low client volume and demand existed, as Plaintiff and Class Members only received commissions and compensation when services were performed.

The Law Offices of Sandra Lynch
204 IIth Street. ◆ Honolulu, HI 96813

The Law Offices of Sandra Lynch
204 11th Street. ◆ Honolulu, HI 96813

74.    Plaintiff and other Class Members worked significant amounts of overtime, and yet, Plaintiff and other Class Members never received any overtime compensation.

75.    Plaintiff and other Class Members were not provided with meal or rest breaks during their shifts. Moreover, Plaintiff and other Class Members were not allowed to leave their work site.

76.    Plaintiff and the other Class Members received pay stubs that failed to accurately account for all time worked and properly itemize wage statements.

77.    With the ascent of the Covid-19 pandemic in March 2020, Plaintiff and Class Members were directed by Defendants to file for unemployment insurance, which they received based upon the hotels' closure, despite their status as purported "independent contractors."

78.    Persons and entities of Defendants with decision-making authority formed an "enterprise" for purposes of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961, *et seq*.

79.    One or more of these persons committed mail fraud, wire fraud and or conspiracy to defraud, in a repeated and continuing pattern, by fraudulently denying benefits. This fraud was accomplished in part by use of the United States mails and by electronic communications in violation of 18 U.S.C §§ 1341 and 1343. Some of these electronic and mail communications did not contain fraudulent misrepresentations, as fraudulent misrepresentations were merely one of the means by which Defendants achieved their scheme of fraud. These allegations are based on information and belief and are likely to have sufficient evidentiary support after a reasonable opportunity for investigation and discovery.

80.    Upon information and belief, Defendants and individual Defendants engaged in a pattern of racketeering behavior.

81.    Upon information and belief, in 2021, Berger, Oliver, Federer, and Santiago were put on express written notice of the unlawful business practices described above and herein and took no action to remedy or cure these practices.

82.    Upon information and belief, the employment practices described above applied to groundskeepers, maintenance personnel, and window washers, who were similarly misclassified as independent contractors in the same manner as spa and salon workers.  These allegations are likely to

The Law Offices of Sandra Lynch
204 11th Street. ◆ Honolulu, HI 96813

have sufficient evidentiary support after a reasonable opportunity for investigation and discovery.

83.    Class Members are disproportionately represented by immigrants to the United States and ethnic minorities, including Native Hawai`ian/Pacific Islander and Armenian populations.  They are nonunionized, unaware and uninformed of employee rights and labor laws, and may be reluctant to pursue and avail themselves of legal protections out of fear of retaliation, loss of employment, and further economic hardship.  Defendants knowingly preyed upon the Class Members, taking advantage of their limited economic opportunities, the absence of any meaningful bargaining power or ability to negotiate over the terms and conditions of their employment, and their dependency on their employment with Defendants.

## FAIR LABOR STANDARDS ACT COLLECTIVE ACTION ALLEGATIONS

84.    Plaintiff brings the FLSA collective claim described below on behalf of herself and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, on behalf of: all Defendants' commissions and hourly paid staff who worked in Hawai`i or California, who are or were employed within the three years preceding the filing of this action by the Defendants, and who were: (a) misclassified by Defendants as independent contractors; and/or (b) were not fully compensated for this time worked over forty hours per week at overtime rates; and/or (c) were not paid the prevailing state or local minimum wage for all hours worked (the "FLSA Collective Class").

85.    Plaintiff is unable to state the exact number of FLSA Collective Class Members without discovery of Grand Wailea's and the Waldorf Astoria Beverly Hills' books and records, but Plaintiff estimates that the total number of FLSA Collective Class Members far exceeds one hundred individuals.

86.    Defendants improperly benefited from Plaintiff's and the FLSA Collective Class Members' uncompensated work. Defendants failed to pay Plaintiff and members of the FLSA Collective Class time-and-one-half their regular rate of pay for hours worked beyond forty hours in a workweek.

87.    In addition, Defendants paid Plaintiff and the FLSA Collective Class Members on a commissions basis without any hourly compensation.  Defendants required the Plaintiff and the FLSA Collective Class Members to remain in the worksite during their scheduled shifts, regardless of

whether there was any work to perform for which they would receive a commission. This practice served to reduce Plaintiff and the FLSA Collective Class Members' average hourly wage beneath the minimum hourly wage threshold.

88.    Defendants' unlawful conduct has been widespread, repeated and consistent. Moreover, Defendants' conduct was willful and in bad faith and has caused significant damages to Plaintiff and the FLSA Collective Class.

89.    Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective Class, and, as such, notice should be sent out to the FLSA Collective Class. There are numerous similarly situated, current and former employees of the Defendants who have been denied wages in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the action. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

90.    Defendants, individually and in the aggregate, direct, control, and supervise, directly and indirectly, the work of Plaintiff and members of the FLSA Class and Collective. Defendants jointly dictate the terms and conditions of work, including the equipment and tools used, schedules, licenses, rules and restrictions, uniforms, policies and procedures, performance management, progressive discipline, hiring and termination, as well as pay and compensation.

## HAWAI`I STATE SUBCLASS ACTION ALLEGATIONS

91.    Plaintiff also brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Hawai`i Subclass, which is comprised of: All current and former commissions and hourly paid hotel staff of Defendants who were (1) misclassified by Defendants as independent contractors; and/or (2) were not fully compensated for this time worked over forty hours per week at overtime rates; and/or (3) were not paid the prevailing state or local minimum wage for all hours worked during at least one week in Hawai`i during the six years preceding the date of the filing of this action.

91.    *Numerosity*. The number of members in the Hawai`i Subclass is believed to exceed one hundred. This volume makes bringing the claims of each individual member of the Hawai`i Subclass before this Court impracticable. Likewise, joining each individual member of the Hawai`i

The Law Offices of Sandra Lynch
204 Ilth Street. ♦ Honolulu, HI 96813

Subclass as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the Hawai`i Subclass will be readily determinable from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Hawai`i Subclass and Defendants.

92.    *Typicality.* Plaintiff's claims are typical of the Hawai`i Subclass because, like the members of the Hawai`i Subclass, Plaintiff was subject to Defendants' uniform policies and practices and was compensated in a similar manner as other members of the Hawai`i Subclass. Defendants misclassified Hawai`i Subclass Members as independent contractors and Defendants failed to pay them for all hours worked. Additionally, members of the Hawai`i Subclass worked substantially more than forty (40) hours in a week as independent contractors. Further, the Hawai`i Subclass Members were not paid the correct overtime wages as a result of Defendants incorrectly calculating their regular rates of pay. Moreover, the Hawai`i Subclass Members each received wage statements that failed to comply with Hawai`i law. Thus, Plaintiff and the Hawai`i Subclass have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices that failed to comply with Hawai`i law. As such, Plaintiff's claims are typical of the claims of the Hawai`i Subclass. Plaintiff and all members of the Hawai`i Subclass sustained damages arising out of and caused by Defendants' common course of conduct in violation of law as alleged herein.

93.    *Adequacy.* Plaintiff is a representative party who will fairly and adequately protect the interests of the Hawai`i Subclass because it is in her interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Hawai`i law. Plaintiff has retained attorneys who are competent and experienced in both class actions and wage and hour litigation. Plaintiff does not have any interest that may be contrary to or in conflict with the claims of the Hawai`i Subclass she seeks to represent.

94.    *Commonality.* Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact and law include, but are not limited to:

a.    Whether Plaintiff and the Hawai`i Subclass were misclassified as independent contractors;

b.    Whether Plaintiff and the Hawai`i Subclass are entitled to overtime compensation

The Law Offices of Sandra Lynch
204 1lth Street. ◆ Honolulu, HI 96813

for the time they worked more than forty (40) hours in a workweek;

c.  Whether Defendants failed to pay Plaintiff and the Hawai`i Subclass wages for all hours worked;

d.  Whether Defendants failed to keep accurate records of employees' hours of work, hourly wages, and hourly rates, and failed to timely furnish each Class Member with a wage statement accurately showing the total number of hours worked, hourly rates, and wages earned each pay period;

e.  Whether Defendants failed to timely pay employees unpaid wages and overtime due upon their separation from employment with Defendants;

f.  Whether Defendants failed to pay mandatory temporary disability insurance;

g.  Whether Defendants failed to pay workers' compensation benefits;

h.  Whether Defendants failed to provide a prepaid group health insurance plan;

i.  Whether Defendants engaged in a pattern of racketeering activity through the predicate acts of mail and/or wire fraud;

j.  Whether Plaintiff and the Hawai`i Subclass are entitled to compensatory damages;

k.  The proper measure of damages sustained by Plaintiff and the Hawai`i Subclass;

l.  Whether Defendants were unjustly enriched at the expense of Plaintiff the Hawai`i Subclass;

and

m.  Whether Defendants' conduct was "willful."

95.  *Superiority.* A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the Hawai`i Subclass could afford to pursue individual litigation against companies the size of Defendants, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Hawai`i Subclass would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

96.  Without a class action, Defendants will retain the benefit of their wrongdoing and will

continue a course of action that will result in further damages to Plaintiff and the Hawai`i Subclass.

<b><u>CALIFORNIA STATE CLASS ACTION ALLEGATIONS</u></b>

97.    Plaintiff also brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the California Subclass, which is comprised of: All current and former hourly paid staff of Defendants who were (1) misclassified by Defendants as independent contractors; and/or (2) were not fully compensated for this time worked over forty hours per week at overtime rates during at least one week in California in the three-year period before the filing of this Complaint to the present.

98.    *Numerosity.* The number of members in the California Subclass is believed to exceed one hundred. This volume makes bringing the claims of each individual member of the California Subclass before this Court impracticable. Likewise, joining each individual member of the California Subclass as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the California Subclass will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the California Subclass and Defendants.

99.    *Typicality.* Plaintiff's claims are typical of the California Subclass because, like the members of the California Subclass, Plaintiff was subject to Defendants' uniform policies and practices and was compensated in the same manner as other members of the California Subclass. Defendants misclassified California Subclass Members as independent contractors and Defendants failed to pay them for all hours worked. Additionally, members of the California Subclass worked substantially more than eight (8) hours in a day and forty (40) hours in a week as independent contractors. Further, the California Subclass Members were not paid the correct overtime wages as a result of Defendants incorrectly calculating their regular rates of pay. Moreover, the California Subclass Members each received wage statements that failed to comply with California law. Thus, Plaintiff and the California Subclass have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices that failed to comply with California law. As such, Plaintiff's claims are typical of the claims of the California Subclass and arise and operate from the same underlying facts. Plaintiff and all members of the California Subclass sustained damages arising

19<br><small>CLASS ACTION COMPLAINT</small>

<small>The Law Offices of Sandra Lynch<br>204 11th Street. ◆ Honolulu, HI 96813</small>

out of and caused by Defendants' common course of conduct in violation of law as alleged herein.

100.     *Adequacy.* Plaintiff is a representative party who will fairly and adequately protect the interests of the California Subclass because it is in her interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under California law. Plaintiff has retained attorneys who are competent and experienced in both class actions and wage and hour litigation. Plaintiff does not have any interest that may be contrary to or in conflict with the claims of the California Subclass she seeks to represent.

101.     *Commonality.* Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact and law include, but are not limited to:

    a.   Whether Plaintiff and the California Subclass were misclassified as independent contractors;

    b.   Whether Defendants failed to provide Plaintiff and the California Subclass meal and rest periods;

    c.   Whether Plaintiff and the California Subclass are entitled to overtime compensation for the time they worked more than eight (8) hours in a day and/or worked more than forty (40) hours in a workweek;

    d.   Whether Defendants failed to pay Plaintiff and the California Subclass wages for all hours worked;

    e.   Whether Defendants failed to include all payments to Plaintiff and California Subclass in the calculation of the regular rate of pay;

    f.   Whether Defendants failed to keep accurate records of employees' hours of work, hourly wages, and hourly rates, and failed to timely furnish each California Subclass Member with a statement accurately showing the total number of hours worked, hourly rates, and wages earned each pay period;

    g.   Whether Defendants failed to timely pay employees unpaid wages and overtime due upon their separation from employment with Defendants;

    h.   Whether Plaintiff and the California Subclass are entitled to compensatory damages;

i.  Whether Defendants subjected Plaintiff and the California Subclass to unfair business practices;

j.  Whether Defendants failed to pay workers' compensation benefits;

k.  Whether Defendants engaged in a pattern of racketeering activity through the predicate acts of mail and/or wire fraud;

l.  The proper measure of damages sustained by Plaintiff and the California Subclass;

m.  Whether Defendants were unjustly enriched at the expense of Plaintiff the California Subclass; and

n.  Whether Defendants' conduct was "willful."

102.    *Superiority.* A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the California Subclass could afford to pursue individual litigation against companies the size of Defendants, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the California Subclass would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

103.    Without a class action, Defendants will retain the benefit of their wrongdoing and will continue a course of action that will result in further damages to Plaintiff and the California Subclass.

## FIRST CLAIM FOR RELIEF

Failure to Pay all Wages, Minimum Wage, and Overtime

Violation of HAW. REV. STAT. §§ 388-2, 388-3, 388-10 AND § 387-12

On Behalf of Plaintiff and the Hawai`i Subclass Against Defendants Grand Wailea, Waldorf Astoria, Waldorf-Astoria Management, GW Manager/Hilton, BRE, GWR, and BRE Hotels

104.    Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

105.    Under Hawai`i law, Defendants were required to pay wages for each hour worked, and

The Law Offices of Sandra Lynch
204 llth Street. ◆ Honolulu, HI 96813

overtime wages when non-exempt employees work over forty (40) hours in a week by calculating the hourly rate and then computing the overtime premium amount owed.  Plaintiff and Hawai`i Subclass Members worked for Defendants without being paid overtime.

106.    Due to Defendants compensating the misclassified Plaintiff and Hawai'i Subclass Members through a commissions structure while requiring set hours and schedules, Plaintiff and Hawai'i Subclass Members received less than the legally mandated minimum wage for all hours worked.

107.    In addition, Defendants were required to pay all earned wages in full at the time of discharge, or not later than the next working day.  Members of the Hawai`i Subclass were terminated by Defendants without receiving all wages due.

108.    Lastly, Defendants were required to pay all wages earned within seven days after the end of each pay period.  As a result of Defendants' failure to pay Plaintiff and the Hawai`i Subclass Members overtime, Plaintiff and the Hawai`i Subclass Members did not timely receive all wages due.

109.    As a result of Defendants' violation of statutory mandates to pay employees for statutory wage requirements, as more fully set forth above, Plaintiff and Hawai`i Subclass Members were damaged.

110.    Pursuant to Hawai`i's Minimum Wage and Overtime Payment Law Haw. Rev. Stat. § 388-10 and Payment of Wages and Other Compensation Law Haw. Rev. Stat. § 387-12, Plaintiff and Hawai`i Subclass Members seek as damages all wages owed by Defendants, civil and criminal penalties and fines, liquidated damages, injunctive relief, and all other available remedies deemed proper and just by this Court.  Plaintiff and Hawai`i Subclass Members further seek an award of prejudgment interest on the unpaid wages herein.

111.    Plaintiff and Hawai`i Subclass Members have incurred, and will continue to incur, attorneys' fees and costs in the prosecution of this action, and Plaintiff therefore seeks attorneys' fees and costs under all applicable provisions of law.

## SECOND CLAIM FOR RELIEF

Failure to Provide and Maintain Accurate Wage Statements

Violation of HAW. REV. STAT. § 388-10

On Behalf of Plaintiff and the Hawai`i Subclass Against Defendants Grand Wailea, Waldorf Astoria, Waldorf-Astoria Management, GW Manager/Hilton, BRE, GWR, and BRE Hotels

112.    Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

113.    Haw. Rev. Stat. § 387-6 sets forth numerous "accurate" items which an employer must furnish to its employees with their paychecks ("paystubs"), and which it must maintain for a period of not less than six years.  Included in those items are numerous items that Defendants did not accurately provide and retain. These items include, but are not limited to,: (1) Total hours worked; (2) Overtime hours; (3) Straight-time compensation; (4) Overtime compensation; (5) Other compensation; (6) Total gross compensation; (7) Amount and purpose of each deduction; (8) Total net compensation; (9) Date of payment; and (10) Pay period covered.

114.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to provide accurate information in both paystubs and in its records was a result of Defendants' own knowing and intentional conduct.

115.    Plaintiff is informed and believes and thereupon alleges the Defendants' did not accurately record Plaintiff and other Hawai`i Subclass Members time worked and caused Plaintiff and other Hawai`i Subclass Members to frequently and consistently perform work "off-the-clock."

116.    As a direct and proximate result of Defendants' failure to provide accurate information to Plaintiff and Hawai`i Subclass Members about working hours and wages owing, Plaintiff was injured. The injury stemming from Defendants' violations is evidenced by this live and active dispute regarding unpaid wages, including overtime pay, between the Parties. As a result of Defendants' violations, Plaintiff and the Hawai`i Subclass are required to undertake the task of attempting to reconstruct Defendants' incomplete and inaccurate time and pay records to ensure that they are paid for all hours worked as required by Hawai`i law.

117.    Defendants are liable in an amount to be proven at trial, but not less than for a sum equal to the amount of unpaid wages and interest at a rate of six per cent per year from the date that the wages were due.

118.    Defendants' failure to comply with Haw. Rev. Stat. § 388-10 further subjects them to

The Law Offices of Sandra Lynch
204 llth Street. ◆ Honolulu, HI 96813

civil penalties. The civil penalties provided in this section are in addition to any other penalty provided by law.

119.    Plaintiff and Class Members have incurred, and will continue to incur, attorneys' fees and costs in the prosecution of this action, and Plaintiff therefore seeks attorneys' fees and costs under all applicable provisions of law.

**THIRD CLAIM FOR RELIEF**

Willful Misclassification of Employees

Violation of HAW. REV. STAT. § 387-12

On Behalf of Plaintiff and the Hawai`i Subclass Against Defendants Grand Wailea, Waldorf Astoria, Waldorf-Astoria Management, GW Manager/Hilton, BRE, GWR, and BRE Hotels

120.    Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

121.    During the period when Plaintiff and the Hawai`i Subclass worked for Defendants, Plaintiff and the Hawai`i Subclass were employees, as defined by Haw. Rev. Stat. §§ 387 and 388, *et seq.,* as well as other Hawai`i statutes and Hawai`i common law.

122.    The Defendants misclassified Plaintiff and the Hawai`i Subclass as purported "independent contractors" throughout their employment.

123.    By virtue of willfully misclassifying Plaintiff and the Hawai`i Subclass as purported "independent contractors," the Defendants lowered their cost of doing business and unjustly enriched their profit margin by failing to pay the employer's share of government-mandated payroll taxes and insurance contributions with respect to any of the funds and income paid to Plaintiff and the Hawai`i Subclass.

124.    As a legal result of the Defendants' misclassification of Plaintiff as an independent contractor in violation of Hawai`i law, Plaintiff and the Hawai`i Subclass have suffered, and continue to suffer, substantial financial losses related to their forfeiture of their employers' share of government-mandated payroll taxes and insurance contributions and the use and enjoyment of related employee benefits.

125.    As a legal result of the Defendants' misclassification of Plaintiff as an independent

The Law Offices of Sandra Lynch
204 llth Street. ◆ Honolulu, HI 96813

contractor in violation of Hawai`i law, the Defendants have been unjustly enriched by their failure to pay the employer's share of government-mandated payroll taxes and insurance contributions in amounts according to proof at trial.

126.    The Defendants failed to classify Plaintiff and other Hawai`i Subclass Members as employees, in violation of Hawai`i law, and this failure was knowing and intentional. The Defendants failed to classify Plaintiff as an employee for fraudulent purposes. The decision to misclassify Plaintiff as an "independent contractor" was made, maintained, and enforced by the Defendants, and was done willfully, maliciously, oppressively, and fraudulently, with the wrongful and deliberate intention of injuring Plaintiff and other Hawai`i Subclass Members. The Defendants willfully failed to pay applicable government-mandated payroll taxes and workers compensation and other insurance contributions and did so with a conscious disregard for the rights of Plaintiff and other Hawai`i Subclass Members and the taxpayers at large, all of which have deprived Plaintiff and the Hawai`i Subclass of their property and legal rights. Therefore, in addition to all other types of relief requested herein, Plaintiff and the Hawai`i Subclass Members are entitled to recover punitive and exemplary damages in amounts according to proof at trial.

**FOURTH CLAIM FOR RELIEF**

Failure to Provide Temporary Disability Insurance

Violation of Haw. Rev. Stat. §§ 392-41, 392-47, AND 392-92

On Behalf of Plaintiff and the Hawai`i Subclass Against Defendants Grand Wailea, Waldorf Astoria, Waldorf-Astoria Management, GW Manager/Hilton, BRE, GWR, and BRE Hotels

127.    Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

128.    Under Hawai`i Law, Defendants were required to provide temporary disability insurance to Plaintiff and other Hawai`i Subclass Members. Specifically, Haw. Rev. Stat. § 392-25 provides that an employee is eligible to receive temporary disability benefits if the individual has been in employment for at least fourteen weeks during each of which the individual has received remuneration in any form for twenty or more hours and earned wages of at least $400, during the fifty-two weeks immediately preceding the first day of disability.

129.    Defendants misclassified Plaintiff and other Hawai`i Subclass Members as independent contractors, thereby unlawfully circumventing their legal obligation to provide temporary disability benefits to ill, disabled, and injured workers.

130.    Due to Defendants' failure to comply with Haw. Rev. Stat. § 392-41, Plaintiff and other Hawai`i Subclass Members suffered injuries and losses, including returning to work earlier than medically advised, continuing to work when ill and disabled to the detriment and harm of their physical and mental condition, exceeding their physical and mental restrictions, and incurring additional and avoidable medical costs and expenses as a result of being constructively forced to continue working for Defendants due to the unavailability of temporary disability benefits to offset a medically-advised leave of absence and other care for their disabling conditions.

131.    Plaintiff and the Hawai`i Subclass seek civil penalties for Defendants' failure to comply with Haw. Rev. Stat. § 392-41 and to enjoin Defendants from carrying on their business within the State of Hawai`i so long as Defendants are in default under Haw. Rev. Stat. § 392-41.  The civil penalties provided in this section are in addition to any other penalty provided by law.

## FIFTH CLAIM FOR RELIEF

Failure to Provide Employment Security Benefits

Violation of HAW. REV. STAT. §§ 383-73 AND 383-142

On Behalf of Plaintiff and the Hawai`i Subclass Against Defendants Grand Wailea, Waldorf Astoria, Waldorf-Astoria Management, GW Manager/Hilton, BRE, GWR, and BRE Hotels

132.    Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

133.    Under Hawai`i's Employment Security Act Haw. Rev. Stat. § 383, *et seq.*, Defendants were required to pay state employment security taxes, as well as Federal Unemployment Compensation Act ("FUCA") taxes.

134.    Under Haw. Rev. Stat. § 383-142, each day of misclassifying an employee is a separate offense for which Defendants must be held liable.

135.    Due to Defendants' willful misclassification, Plaintiff and other Hawai`i Subclass Members suffered damages in an amount according to proof at trial.

The Law Offices of Sandra Lynch
204 11th Street. ♦ Honolulu, HI 96813

136.    Plaintiff and Hawai`i Subclass Members seek assessed delinquent contributions, penalties, and interest from retroactive coverage as well as all other available remedies deemed proper and just by this Court.

**SIXTH CLAIM FOR RELIEF**

Failure to Provide Prepaid Group Health Insurance for Employees

Violation of HAW. REV. STAT. § 393-11 AND 393-33

On Behalf of Plaintiff and the Hawai`i Subclass Against Defendants Grand Wailea, Waldorf Astoria, Waldorf-Astoria Management, GW Manager/Hilton, BRE, GWR, and BRE Hotels

137.    Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

138.    Under Hawai`i's Prepaid Health Care Act, Haw. Rev. Stat. § 393, Hawai`i employers are required to provide regular employees who meet wage requirements with coverage under a qualifying prepaid group health care plan. *See* Haw. Rev. Stat. § 393-11.

139.    Due to Defendants' misclassification of Plaintiff and the Hawai`i Subclass, Defendants unlawfully evaded their duty to provide such health insurance to Plaintiff and other Hawai`i Subclass Members in violation of Haw. Rev. Stat. §§ 393-11 and 393-33.

140.    Due to Defendants' failure to comply with Haw. Rev. Stat. § 393, Plaintiff and other Hawai`i Subclass Members suffered damages and losses, including all health care costs incurred as a result of not having insurance coverage from Defendants.

141.    Plaintiff and the Hawai`i Subclass seek civil and administrative penalties and all other available remedies for Defendants' willful violations of Hawai`i's Prepaid Health Care Act, including damages in the amount of any and all health care costs incurred by eligible employees during the period coverage was not provided according to proof at trial pursuant to Haw Rev. Stat. § 393-24. The civil penalties provided in this section are in addition to any other penalty provided by law.

**SEVENTH CLAIM FOR RELIEF**

Failure to Provide Workers' Compensation Benefits

On Behalf of Plaintiff and the Hawai`i Subclass Against Defendants Grand Wailea, Waldorf Astoria, Waldorf-Astoria Management, GW Manager/Hilton, BRE, GWR, and BRE Hotels

The Law Offices of Sandra Lynch
204 llth Street. ◆ Honolulu, HI 96813

27

The Law Offices of Sandra Lynch
204 llth Street. ◆ Honolulu, HI 96813

142.    Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

143.    The Department of Industrial Relations (DIRL) contends that "the term 'employee[,]' as used in the workers' compensation context, should be liberally construed to achieve the beneficent intent of workers' compensation statutes."

144.    The Hawaiʻi appellate courts have traditionally been reluctant to allow an employer to achieve inequitable results by resorting in form to an independent contractor agreement in order to mask the reality of an employer-employee relationship and, thereby, deprive workers of statutory protections to which they are lawfully entitled. See *Homes Consultant Co., Inc. v. Agsalud,* 2 Haw. App. 421, 633 P.2d 564 (1981) (holding that home improvement company's salespersons, who were paid on commission, were employees, so as to make employer liable for payment of employment security taxation); *In re Appeal of Century Metalcraft Corp.,* 41 Haw. 508 (1957) (holding that salesmen, designated as "distributors" by manufacturer/retailer of aluminum cookware, were employees for purposes of employment security taxation); *Bailey's Bakery v. Borthwick*, 38 Haw. 16 (1948) (holding that bakery's denomination of its drivers as "independent contractors," where drivers owned their own trucks, which could be financed by bakery, and "purchased" bread from bakery at "wholesale" prices and resold it to retailers, retaining a "profit," did not exempt bakery from requirement to pay unemployment insurance taxes).

145.    Similarly, Hawaiʻi appellate courts are aware that "independent contractor agreements" are often contracts of adhesion, entered into by parties who do not possess equal bargaining power. *See Brown v. KFC National Management Co*., 82 Hawaiʻi 226, 246–47, 921 P.2d 146, 166–67 (1996) (noting, under Hawaiʻi law, that: (1) a contract of adhesion—i.e., a contract offered by the stronger of the contracting parties on a "take it or leave it" basis—is unenforceable if (a) the contract is the result of coercive bargaining strength, and (b) the contract unfairly limits the obligations and liabilities of, or provides otherwise unfair advantages to, the stronger party; and (2) an arbitration agreement in an employment application is usually not regarded as unenforceable because the second condition is generally lacking).

146.    Although there is no penalty specifically for misclassification under Hawaiʻi law, an

injured employee may either choose to be covered by the employer's workers' compensation policy or file a civil action, which may entitle the employee to medical expenses and other workers' compensation benefits, including lost wages and disfigurement damages. *See Potter v. Hawai`i Newspaper Agency,* 89 Hawai'i 411 (1999) ("When an employer *expressly* contracts with a worker as an 'independent contractor,' the employer will be bound by his election. If such a worker is injured on the job, the individual may then choose to (1) seek relief in tort or (2) attempt to show that the independent contractor agreement was a sham and that the worker is, therefore, entitled to workers' compensation benefits.").

147.    Plaintiff and other Hawai`i Subclass Members sustained damages and losses as a direct and proximate result of Defendants' willful misclassification and fraudulent failure to provide owed workers' compensation benefits, including medical expenses, lost wages and compensation, reduced future earnings capacity, and front and back pay. Plaintiff and the Hawai`i Subclass seek these damages in an amount according to proof at trial.

## EIGHTH CLAIM FOR RELIEF

Failure to Provide Meal and Rest Periods and/or Wages in Lieu Thereof

Violation of Cal. Labor Code §§ 226.7 & 512

On Behalf of Plaintiff and the California Subclass Against Defendants Beverly Hills Waldorf-Astoria, Waldorf Astoria, KEVIN B, Waldorf-Astoria Management, GW Manager/Hilton, BRE, GWR, and BRE Hotels

148.    Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

149.    The conduct of Defendants, as set forth above, in failing to provide Plaintiff and California Subclass Members with meal and rest breaks during their workdays, which exceed 8 hours in duration, constitutes a violation of Cal. Lab. Code §§ 226.7 and 512, which require an employer to provide a meal period of at least 30 minutes for any shift over 5 hours, to be provided within the first 5 hours; and a second meal period off at least 30 minutes for shifts over 10 hours. The actions of Defendants also constitute a violation of the rest break requirement contained in Cal. Lab. Code § 226.7,

The Law Offices of Sandra Lynch
204 11th Street. ◆ Honolulu, HI 96813

which requires an employer to provide rest breaks of no less than 10 minutes for every 4 hours worked.

150.    As a direct and proximate result of Defendants' failure to provide Plaintiff and California Subclass Members with either meal and rest periods or wages in lieu thereof, Plaintiff and California Subclass Members have been damaged. Plaintiff and California Subclass Members further seek an award of prejudgment interest on the unpaid wages herein.

151.    Defendants failed to do so, and as a consequence, Plaintiff and California Subclass Members are entitled to recover an amount to be proven at trial, but not less than one additional hour of pay at the regular rate of compensation for each workday that the meal and/or rest period was not provided, as articulated in Cal. Labor Code § 226.7(b).

152.    Plaintiff and California Subclass Members have incurred, and will continue to incur, attorneys' fees and costs in the prosecution of this action, and Plaintiff therefore seeks attorneys' fees and costs under all applicable provisions of law.

## NINTH CLAIM FOR RELIEF

Failure to Pay all Wages and Overtime

Violation of Cal. Labor Code §§ 204, 210, 510

On Behalf of Plaintiff and the California Subclass Against Defendants Beverly Hills Waldorf-Astoria, Waldorf Astoria, KEVIN B, Waldorf-Astoria Management, GW Manager/Hilton, BRE, GWR, and BRE Hotels

153.    Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

154.    Under California law, Defendants were required to pay wages for each hour worked, and overtime wages when non-exempt employees work over eight (8) hours a day or forty (40) hours in a week by calculating the hourly rate and then computing the overtime premium amount owed. Plaintiff worked for Defendants without being paid overtime.

155.    Defendants violated Cal. Labor Code §§ 204, 210, and 510 in violation of Plaintiff's and California Subclass Members' legal rights as set forth herein for failing to pay wages due and when due.

The Law Offices of Sandra Lynch
204 11th Street. ♦ Honolulu, HI 96813

156.    As a result of Defendants' violation of statutory mandates to pay employees for statutory wage requirements, as more fully set forth above, Plaintiff and California Subclass Members were damaged.

157.    Plaintiff and California Subclass Members seek as damage all wages owed by Defendants.  Plaintiff further seeks an award of prejudgment interest on the unpaid wages herein.

158.    Plaintiff and California Subclass Members have incurred, and will continue to incur, attorneys' fees and costs in the prosecution of this action, and Plaintiff therefore seeks attorneys' fees and costs under all applicable provisions of law.

<u>**TENTH CLAIM FOR RELIEF**</u>

Willful Failure to Pay all Wages Upon Separation

Violation of Cal. Labor Code §§ 201, 202, 203

On Behalf of Plaintiff and the California Subclass Against Defendants Beverly Hills Waldorf-Astoria, Waldorf Astoria, KEVIN B, Waldorf-Astoria Management, GW Manager/Hilton, BRE, GWR, and BRE Hotels

159.    Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

160.    California Labor Code §§ 201 and 202 require that employers pay all employees all wages immediately upon employer termination or within 72 hours after employee resignation.  Cal. Labor Code § 203 provides that in instances that an employer willfully fails to pay all wages owing within the proscribed time limits, the employer must continue to pay the subject employee wages until the wages are paid in full.  An employee need not prove malice or intentional conduct in establishing a claim for waiting time penalties, but rather must merely establish that the employer did not pay as it was obligated to do.

161.    Where an employer willfully fails to pay discharged or resigning employees all wages due as required under the California Labor Code, the employer is liable to such employees under Cal. Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

162.    Members of the California Subclass have been terminated and/or left their employment

with Defendants during the statutory period.  At the time these California Subclass Members'
employment ended with Defendants, Defendants owed them unpaid wages.

163.    Defendants willfully refused to timely pay all the wages that were due and owing,
including overtime pay and premium pay for missed meal and rest breaks, to proposed California
Subclass Members whose employment with Defendants has ended or been terminated at any point
during the statutory period.

164.    Accordingly, during all relevant times, Defendants knowingly and willfully violated
Cal. Labor Code §§ 201 and 202 by failing to pay California Subclass Members who are no longer
employed by Defendants all wages owed as alleged herein. Defendants are therefore liable to
formerly employed members of the proposed California Subclass for waiting time penalties as
required by Cal. Labor Code §§ 203 and 218.

165.    Plaintiff on behalf of California Subclass Members who are no longer employed by
Defendants, respectfully request that the Court award all waiting time penalties due, and the relief
requested below in the Prayer for Relief.

### ELEVENTH CLAIM FOR RELIEF

Willful Failure to Provide Accurate Wage Statements and Maintain Accurate Pay Records

Violation of Cal. Labor Code § 226(a), (e), (g)

On Behalf of Plaintiff and the California Subclass Against Defendants Beverly Hills Waldorf-Astoria,
Waldorf Astoria, KEVIN B, Waldorf-Astoria Management, GW Manager/Hilton, BRE, GWR, and
BRE Hotels

166.    Plaintiff incorporates by reference the allegations set forth above as though fully
restated herein.

167.    California Labor Code § 226(a) sets forth numerous "accurate" items which a
company must furnish to its employees with their paystubs and which it must maintain for a period of
not less than three years.  Included in those items are numerous items that Defendants did not
accurately provide and retain. These items include, but are not limited to: (1) a statement of accurate
gross wages earned by the employee; (2) a statement of total hours worked the employee; (3) a
statement of net wages earned; and (4) all applicable hourly rates in effect during the pay period and

The Law Offices of Sandra Lynch
204 11th Street. ◆ Honolulu, HI 96813

the corresponding number of hours worked at each hourly rate by the employee.

168.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to provide accurate information in both paystubs and in its records was a result of Defendants' own knowing and intentional conduct.

169.    Injury was sustained to Plaintiff and the California Subclass Members as a direct and proximate result of Defendants' failure to provide accurate information about working hours and wages owing.  The injury stemming from Defendants' violations is evidenced by this live and active dispute regarding unpaid wages, including overtime pay, between the Parties. As a result of Defendants' violations, Plaintiff and the California Subclass are required to undertake the task of attempting to reconstruct Defendants' incomplete and inaccurate time and pay records to ensure that they are paid for all hours worked as required by California law.

170.    Defendants are liable in an amount to be proven at trial, but not less than $50 for the initial pay period in which these violations occurred and an additional $100 per pay period thereafter. Cal. Labor Code § 226(e).

171.    Defendants' failure to comply with Cal. Labor Code § 226(a) further subjects them to civil penalties pursuant to Cal. Labor Code § 226.3.

172.    Cal. Labor Code § 226.3 provides that an employer who violates  Cal. Labor Code § 226(a) shall be subject to a civil penalty in the amount of $250 per employee per violation of an initial citation and $1,000 per employee per violation in a subsequent citation for which the employer fails to provide the employee a wage statement or fails to keep the records required by Cal. Labor Code § 226(a), the civil penalties provided in this section are in addition to any other penalty provided by law.

173.    Plaintiff and California Subclass Members have incurred, and will continue to incur, attorneys' fees and costs in the prosecution of this action, and Plaintiff therefore seeks attorneys' fees and costs under all applicable provisions of law.

## TWELFTH CLAIM FOR RELIEF

Unfair Business Acts and Practices

Cal. Business & Professions Code § 17200 *et seq*.

On Behalf of Plaintiff and the California Subclass Against Defendants Beverly Hills Waldorf-Astoria, Waldorf Astoria, KEVIN B, Waldorf-Astoria Management, GW Manager/Hilton, BRE, GWR, and BRE Hotels

174.    Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

175.    Plaintiff further brings this action pursuant to the Business and Professions Code, sections 17200, *et seq.*, seeking restitution and/or disgorgement of monies owed for regular, minimum, and overtime wages, and denial of meal and rest periods.

176.    Plaintiff alleges that the following practices of Defendants are unlawful and unfair business practices pursuant to Business and Professions Code §§ 17200, *et seq.*: (1) misclassifying Plaintiff; (2) failure to pay Plaintiff overtime wages; (3) failure to provide Plaintiff with meal and rest periods and failure to pay wages in lieu thereof; (4) failing to pay Plaintiff all wages owed upon separation; (5) failing to maintain accurate pay records and to provide employees with adequate paystubs, and 6) unjustly enriching themselves due to the same.

177.    The Unfair Competition Law prohibits all unfair competition, which is defined as "any unlawful, unfair or fraudulent business act or practice." Plaintiff and the California Subclass have standing to bring this claim because they have suffered injuries in fact and have lost money as a result of Defendants' unfair competition.

178.    Plaintiff is seeking restitution for Defendants' failure to pay employees regular, minimum and overtime wages, and failure to provide meal and rest periods.

179.    Defendants have inequitably and unlawfully conspired, agreed, arranged, and combined to violate California labor laws, as alleged herein.

180.    Pursuant to Business and Professions Code §§ 17071 and 17075, the failure of Defendants to pay all wages, including overtime wages, is admissible as evidence of Defendants' intent to violate the California Unfair Practices and Unfair Competition Laws.

181.    As a direct and proximate result of the unfair, unlawful, and/or fraudulent business practices alleged herein, through the four-year statute of limitations periods, California Subclass Members have been denied due wages, as well as meal and rest periods, all to their detriment and all

The Law Offices of Sandra Lynch
204 11th Street. ◆ Honolulu, HI 96813

to Defendants' illegal economic advantage.

182. Plaintiff is informed and believes and thereon alleges that, through the acts described in this complaint, Defendants have deceived the public by illegally depriving their employees regular, minimum, and overtime wages, and meal and rest periods, thus injuring its employees.

183. The Business and Professions Code provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Plaintiff and the California Subclass Members seek restitution and disgorgement of all unpaid wages owing to them, in an amount according to proof that the Defendants have enjoyed as a result of the unfair business practices alleged herein.

**THIRTEENTH CLAIM FOR RELIEF**

Willful Misclassification

Violation of Cal. Labor Code §§ 218 and 2750

On Behalf of Plaintiff and the California Subclass Against Defendants Beverly Hills Waldorf-Astoria, Waldorf Astoria, KEVIN B, Waldorf-Astoria Management, GW Manager/Hilton, BRE, GWR, and BRE Hotels

184. Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

185. During the period when Plaintiff and the California Subclass Members worked for Defendants, Plaintiff and the California Subclass Members were employees, as defined by Cal. Labor Code §§ 218 and 2750, as well as other California statutes and California common law.

186. The Defendants misclassified Plaintiff as a purported "independent contractor" throughout Plaintiff's employment.

187. As a result of misclassifying Plaintiff as a purported "independent contractor," the Defendants lowered their cost of doing business by not paying the employer's share of government-mandated payroll taxes and insurance contributions with respect to any of the funds paid to Plaintiff.

188. As a legal result of the Defendants' misclassification of the California Subclass Members as independent contractors in violation of California law, Plaintiff and the California Subclass Members have suffered, and continue to suffer, substantial losses related to the forfeiture of

The Law Offices of Sandra Lynch
204 11th Street. ◆ Honolulu, HI 96813

The Law Offices of Sandra Lynch
204 11th Street. ◆ Honolulu, HI 96813

the employer's share of government-mandated payroll taxes and insurance contributions and the use and enjoyment of such employee benefits.

189.     As a legal result of the Defendants' misclassification of California Subclass Members as independent contractors in violation of California law, the Defendants have been unjustly enriched by their failure to pay the employer's share of government-mandated payroll taxes and insurance contributions in an amount according to proof at trial.

190.     The Defendants failed to classify Plaintiff and the California Subclass Members as employees, in violation of California law, and this failure was knowing and intentional. The Defendants failed to classify Plaintiff as an employee for false and fraudulent reasons. The decision to misclassify Plaintiff as an "independent contractor" was made, maintained, and enforced by the Defendants, and was done willfully, maliciously, oppressively, and fraudulently, with the wrongful and deliberate intention of injuring Plaintiff and the California Subclass Members. The Defendants willfully failed to pay applicable government-mandated payroll taxes and workers compensation and other insurance contributions and did so with a conscious disregard for the rights of Plaintiff, the California Subclass, and the taxpayers at large, all of which have deprived Plaintiff and the California Subclass of their property and legal rights. Therefore, in addition to all other types of relief requested herein, Plaintiff and the California Subclass are entitled to recover punitive and exemplary damages in amounts according to proof at trial.

## FOURTEENTH CLAIM FOR RELIEF

Failure to Provide Workers' Compensation Insurance

Violation of Cal. Labor Code §§ 3700.5, 3722(b), 3722(d), 3722(f)

On Behalf of Plaintiff and the California Subclass Against Defendants Beverly Hills Waldorf-Astoria, Waldorf Astoria, KEVIN B, Waldorf-Astoria Management, GW Manager/Hilton, BRE, GWR, and BRE Hotels

191.     Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

192.     Defendants violated Cal. Labor Code §§ 3700.5, 3722(b), 3722(d) and 3722(f) in violation of legal rights as set forth herein by failing to provide workers' compensation benefits to

Plaintiff and the California Subclass.

193.    As a proximate and direct result of Defendants' misclassification, Plaintiff and the California Subclass have suffered compensable damages, including loss of employment, income, and/or benefits, physical and/or mental injury and harm, reputational damage, back pay, front pay, and reduced future earnings capacity according to proof at trial.

## FIFTEENTH CLAIM FOR RELIEF

Failure to Maintain Written Commissions Agreement with Sufficient Specificity

Violation of Cal. Labor Code § 204, 2751

On Behalf of Plaintiff and the California Subclass Against Defendants Beverly Hills Waldorf-Astoria, Waldorf Astoria, KEVIN B, Waldorf-Astoria Management, GW Manager/Hilton, BRE, GWR, and BRE Hotels

194.    Plaintiff incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

195.    Under Cal. Labor Code § 2751, whenever an employer enters into a contract of employment with an employee for services to be rendered and the contemplated method of payment of the employee involves commissions, the contract shall be in writing and shall set forth the method by which the commissions shall be computed and paid.

196.    The employer shall give a signed copy of the contract to every employee who is a party thereto and shall obtain a signed receipt for the contract from each employee. In the case of a contract that expires and where the parties nevertheless continue to work under the terms of the expired contract, the contract terms are presumed to remain in full force and effect until the contract is superseded or employment is terminated by either party.

197.    The Defendants failed to maintain written commissions and independent contractor agreements or provide the Plaintiff and the California Subclass copies of such agreements and bimonthly payments of all wages and commissions earned as required by law.  In addition, the Defendants invoked the protection of the commissioned salesperson exemption under the applicable Wage Order, although Plaintiff and the California Subclass did not earn at least one and one-half times the minimum wage for every hour worked in every semi-monthly pay period.

The Law Offices of Sandra Lynch
204 11th Street. ◆ Honolulu, HI 96813

198.    The Defendants failed to provide Plaintiff and the California Subclass with an adequate written commissions agreement in violation of Cal. Labor Code § 2751 by, among other failures, failing to set forth with specificity when and how commissions will be paid, giving unfettered discretion to Defendants in terms of whether sales will be approved and unstated charges and fees.

199.    Further, because it is obvious that this independent contractor agreement is invalid and unlawful, Defendants have violated Labor Code § 432.5, which provides: 'No employer, or agent, manager, superintendent, or officer thereof, shall require any employee or applicant for employment to agree, in writing, to any term or condition which is known by such employer, or agent, manager, superintendent, or officer thereof to be prohibited by law.'

200.    Plaintiff is entitled to recover their reasonable attorney fees and costs in bringing this action.

201.    These violations are asserted on behalf of Plaintiff and the California Subclass, and also form one underlying basis for violations of California's Unfair Competition Law ('UCL'), Business & Professions Code §§ 17200, *et seq.*

## SIXTEENTH CLAIM FOR RELIEF

Failure to Pay Overtime and Minimum Wage

Violation of Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

On Behalf of Plaintiff and the FLSA Collective Class Against All Defendants

202.    Plaintiff incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

203.    At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

204.    At all relevant times, Defendants have been, and continue to be "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U. S.C. § 203. At all relevant times, Defendants have employed and continues to employ, employees, including Plaintiff and the FLSA Class Members, as defined by the FLSA.

205.    The FLSA requires each covered employer such as Defendants to compensate all non-

The Law Offices of Sandra Lynch
204 llth Street. ◆ Honolulu, HI 96813

exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

206.    Plaintiff and the FLSA Class Members were entitled to be paid overtime compensation for all overtime hours worked at the rate of one and one-half times their regular rate of pay.

207.    At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g).

208.    At all relevant times, Defendants required and/or permitted Plaintiff and the FLSA Class Members to work in excess of forty (40) hours per workweek. Despite the hours worked by them, Defendant willfully, in bad faith, and knowingly violated the FLSA, failed and refused to pay Plaintiff and the FLSA Class Members the appropriate overtime wages for all compensable time worked in excess of forty (40) hours per workweek. Plaintiff and the Class Members were not paid the full amount of overtime wages due under the FLSA as a result of Defendants' failure to correctly classify Plaintiff and the Class Members. Plaintiff and the Class Members were also not paid the full amount of overtime wages due under the FLSA as a result of Defendants' failure and refusal to include all remuneration in the calculation of the regular rate of pay for purposes of paying overtime wages. By failing to compensate Plaintiff and the FLSA Class Members at a rate of not less than one-and-a-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 207(a). The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

209.    Defendants similarly required that Plaintiff and the FLSA Class Members remain in the workplace and perform other work for which the Plaintiff and the FLSA Class Members received no commission or other compensation.  Defendants failed to pay Plaintiff and the FLSA Class Members an hourly rate, and Plaintiff and the FLSA Class Members only received commissions on services performed.  This had the effect of driving Plaintiff and the FLSA Class Members' average hourly wage beneath the prevailing state and local minimum wage.  By failing to pay Plaintiff and the FLSA Class Members an hourly rate which exceeded the prevailing minimum wage, Defendants willfully violated FLSA 29 U.S.C. § 201 et seq., including 29 U.S.C. § 206.

The Law Offices of Sandra Lynch
204 Ilth Street. ◆ Honolulu, HI 96813

210.     Plaintiff and the FLSA Class Members seek recovery of their damages, unpaid wages, minimum wage, unpaid overtime pay, liquidated damages, attorney's fees, costs and expenses.

### SEVENTEENTH CLAIM FOR RELIEF

Violation of Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961, *et seq.*

On Behalf of Plaintiff and All Class Members Against All Defendants

211.     Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

212.     Plaintiff further brings this action pursuant to the RICO Act.  Defendants engaged in a pattern of racketeering activity—specifically, the repeated and continuous predicate acts of mail and wire fraud by virtue of their willful misrepresentation of Plaintiff and Class Members as independent contractors in order to escape legally-mandated payment obligations towards worker's compensation benefits and pursuant to the Federal Insurance Contributions Act (FICA) by fraudulently denying worker's compensation benefits and employer FICA contributions to which the employees are and were lawfully entitled.

213.     RICO makes it a crime "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). RICO defines "racketeering activity" to include "any act which is indictable under any of the following provisions of title 18, United States Code: . . . section 1341 [18 U.S.C. § 1341] (relating to mail fraud), section 1343 [18 U.S.C. § 1343] (relating to wire fraud)." *Id.* § 1961(1)(B).  RICO states that a "'pattern of racketeering activity' requires at least two acts of racketeering activity, one of which occurred after [October 15, 1970] and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5).

214.     The Defendants and individual Defendants constituted an enterprise engaging in a pattern of racketeering activity and used electronic and mail communications on multiple occasions in furtherance of Defendants' scheme of fraud, in violation of 18 U.S.C. §§ 1341, 1343 and 1512.

215.    The Defendants' fraudulent acts were a "substantial and foreseeable cause" of the injuries alleged by Plaintiff and Class Members: the deprivation of their worker's compensation benefits and expenses for attorney fees and medical care, their health insurance, their retirement benefits, and their payment of both the employee and employer FICA tax liability on their income based on Defendants' willful misrepresentations and fraudulent acts.

216.    Individual Defendants Berger, Oliver, Federer, and Santiago are known to have exchanged in conspiratorial electronic and mail communications in furtherance and continuance of Defendants' scheme of fraud between October 2021-present, in violation of 18 U.S.C §§ 1341, 1343 and 1512.

217.    Plaintiff and all Class Members demand judgment against Defendants for (treble) damages measured by the amount of benefits improperly withheld from them, plus interest as provided by law, all tripled in accordance with RICO, together with attorney fees and costs as provided by law.

## EIGHTEENTH CLAIM FOR RELIEF

Unjust Enrichment and Restitution Quantum Meruit

On Behalf of Plaintiff and Class Members Against All Defendants

218.    Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

219.    Under common law, a claim for unjust enrichment requires only that a plaintiff prove that they conferred a benefit upon the opposing party and that the retention of that benefit would be unjust.  Plaintiff and Class Members conferred a benefit upon Defendants, insofar as they paid the Defendants' portion of FICA taxes on their income, worked (including overtime hours) without compensation, and forfeited health insurance, short-term disability insurance, and other benefits that Defendants owed to them.  This improved Defendants' bottom line and profitability to the direct detriment of Plaintiff and Class Members.

220.    As a direct and proximate result of Defendants' wrongful and willful nonpayment of overtime and minimum wage, withholding of FICA and Federal Unemployment Compensation Act ("FUCA") tax contributions, and refusal to furnish Plaintiff and Class Members with all benefits and

The Law Offices of Sandra Lynch
204 llth Street. ♦ Honolulu, HI 96813

The Law Offices of Sandra Lynch
204 11th Street. ◆ Honolulu, HI 96813

insurance owed under state and federal law, Plaintiff and Class Members sustained damages in an amount according to proof at trial.

221.    Defendants' withholding of proper compensation from employees and willful evasion of legal obligations to pay income taxes and offer employe benefits was done with malice and in conscious disregard of Plaintiff and Class Members' rights with the intent to cause injury,

222.    Plaintiff and Class Members are entitled to recovery of the full amount of wrongfully withheld or diverted payments, punitive damages due to egregious conduct, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**Plaintiff, on behalf of herself and the FLSA Collective Class, pray that the Court:**

a.    Allow Plaintiff to give notice of this collective action, or that the Court issue such notice, to the FLSA Class Members as defined herein so that such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join the FLSA collective suit if they believe they were denied unpaid wages;

b.    Certify that this action may proceed as a collective action under 29 U.S.C. § 216(b) and class action under Fed. R. Civ. P. 23;

c.    Appoint Plaintiff's counsel as Lead Counsel for the FLSA Collective Class;

d.    Order preliminary, permanent, mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with it, from committing in the future those violations of law herein alleged;

e.    Find that Defendants' policies and/or practices described above violate the FLSA;

f.    Award Plaintiff and the Collective Class damages, liquidated damages, restitution, and/or statutory penalties to be paid by Defendants for the claims alleged herein;

g.    Award Plaintiff and the Collective Class interest, costs, and expenses, including reasonable attorneys' fees and expert fees; and

h.    Provide all such other relief the Court deems just and proper.

**Plaintiff, on behalf of herself and the Hawai`i Subclass, pray that the Court:**

a.    Certify this action as a class action pursuant to Federal Rule 23 and appoint the

Plaintiff as the representative of the Hawai`i Subclass and Plaintiff's counsel and Lead Counsel for the Hawai`i Subclass;

b.       Award Plaintiff and Hawai`i Subclass Members damages for the amount of unpaid overtime in addition to interest subject to proof;

c.       Award Plaintiff and Hawai`i Subclass Members unpaid wages, minimum wage, and overtime, liquidated damages, fines and penalties, and court costs and reasonable attorneys' fees under Hawai`i's Payment of Wages and Other Compensation Law, Haw. Rev. Stat. § 388 *et seq.;*

d.       Award Plaintiff and Hawai`i Subclass Members unpaid wages, minimum wage, and overtime, liquidated damages, fines, penalties, and court costs and reasonable attorneys' fees due to willful misclassification in violation of Hawai`i's Wage and Hour Law, Haw. Rev. Stat. § 387 *et seq.;*

e.       Award to Plaintiff and Hawai`i Subclass Members damages and penalties for violation of Hawai`i's Temporary Disability Insurance Law Haw. Rev. Stat. § 392 *et seq;*

f.       Award to Plaintiff and Hawai`i Subclass Members damages, assessed delinquent contributions, and penalties for willful misclassification in violation of Hawai`i's Employment Security Act, Haw. Rev. Stat. § 383, *et seq.*;

g.       Award to Plaintiff and Hawai`i Subclass Members disfigurement damages, medical expenses, and lost wages under Hawai`i's Workers' Compensation law;

h.       Award Plaintiff and Hawai`i Subclass Members damages and penalties under Hawai`i's Prepaid Healthcare Act;

i.       Award restitution to Plaintiff and Hawai`i Subclass Members for unjust enrichment of Defendants by virtue of Defendants' intentional and willful failure to pay FICA tax contributions and provide workers' compensation benefits;

j.       Award Plaintiff and Hawai`i Subclass Members pre- and post-judgment interest on all monetary relief prayed for above, as may be permitted by law;

k.       Award Plaintiff and Hawai`i Subclass Members their costs of suit;

l.       Award Plaintiff and Hawai`i Subclass Members their reasonable attorneys' fees; and

m.       Provide all such other relief as this Court shall deem just and proper.

**Plaintiff, on behalf of the California Subclass Members, pray that the Court:**

The Law Offices of Sandra Lynch
204 11th Street. ♦ Honolulu, HI 96813

a.    Certify this action as a class action pursuant to Federal Rule 23 and appoint the Plaintiff as the representative of the California Subclass and Plaintiff's counsel as Lead Counsel for the California Subclass;

b.    Award to Plaintiff and California Subclass Members damages for the amount of unpaid overtime in addition to interest subject to proof;

c.    Award to Plaintiff and California Subclass Members any waiting time penalties under § 203 *et seq.* of the California Labor Code;

d.    Award to Plaintiff and California Subclass Members any itemized wage statement penalties under § 226 of the California Labor Code;

e.    Award to Plaintiff and California Subclass Members restitution under the UCL;

f.    Award to Plaintiff and California Subclass Members pre- and post-judgment interest on all monetary relief prayed for above, as may be permitted by law;

g.    Award to Plaintiff and California Subclass Members reasonable attorneys' fees pursuant to sections 226(e) and 1194 of the California Labor Code and/or pursuant to Cal. Code of Civ. Procedure section 1021.5;

h.    Award to Plaintiff and California Subclass Members their costs of suit;

i.    Issue a declaratory judgment that the practices complained of herein are unlawful under the California Labor Code and/or the UCL; and

j.    Provide all such other relief as this Court shall deem just and proper.

**Plaintiff, on behalf of herself and all Class Members, pray that the Court:**

a.    Award to Plaintiff and all Class Members damages measured by the amount of benefits improperly withheld from them, plus interest as provided by law, all tripled in accordance with the RICO Act, together with attorney fees and costs as provided by law;

b.    Award restitution to Plaintiff and all Class Members for the unjust enrichment of Defendants and disgorgement of ill-gotten gains received by Defendants; and

c.    Provide all such other relief as this Court shall deem just and proper.

The Law Offices of Sandra Lynch
204 11th Street. ◆ Honolulu, HI 96813

Dated: February 23, 2023                    LYNCH LAW OFFICES, LLLC


                                            _/s/Sandra D. Lynch_____

                                            Sandra D. Lynch, Esq.


                                            Daniel Feder, Esq.
                                            (*motion for pro hac vice admission pending*)

                                            235 Montgomery Street, Suite 1019
                                            San Francisco, CA 94104
                                            Telephone: (415) 391-9476
                                            Facsimile: (415) 391-9432
                                            daniel@dfederlaw.com


                                            *Attorneys for Plaintiff and the Class*

The Law Offices of Sandra Lynch
204 llth Street. ◆ Honolulu, HI 96813

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**DEMAND FOR JURY TRIAL**

2

Dated: February 23, 2023                    LYNCH LAW OFFICES, LLLC

3

4

By _/s/Sandra D. Lynch_____
Sandra D. Lynch, Esq.

5

6

Daniel Feder, Esq.

7

(*motion for pro hac vice admission pending*)
235 Montgomery Street Suite 1019

8

San Francisco, CA 94104
Telephone: (415) 391-9476

9

Facsimile: (415) 391-9432
daniel@dfederlaw.com

10

11

*Attorneys for Plaintiff and the Class*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Law Offices of Sandra Lynch
204 lIth Street. ◆ Honolulu, HI 96813