IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAURIE BOLOS, an individual, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> WALDORF=ASTORIA MANAGEMENT LLC OPERATING AS GRAND WAILEA RESORT, a Waldorf Astoria Resort, ET AL., <br><br> Defendants. | CIV. NO. 23-00104 JMS-KJM <br><br> ORDER SEVERING ARBITRATION PLAINTIFFS AND OPENING NEW CIVIL CASES |

## ORDER SEVERING ARBITRATION PLAINTIFFS AND OPENING NEW CIVIL CASES

On November 22, 2024, the court granted a Motion to Compel Arbitration as to 21 of the 121 Plaintiffs in this action. *See* ECF No. 219. The Order compels arbitration on an individual basis as to Plaintiffs Geri Misty Boteilho-Dougherty, Marina Alexeeva, Lindsey Baldrige, Heather Causey, Angela Guerra, Stephanie Haddad, Carly Heims, Joni Henkel, Torrey Hyman, Francine Johansen, Marilyn Marano, Kazuyo Matsunouchi, Amanda Mayers, Carla Moore, Manya Reinier, Jana Richardson, Christopher Ridge, Sienna Schubert, Jay-R Tagayuna, Amber Vaughn-Bal, and Zoe Wells (collectively, "the Arbitration Plaintiffs").

Under 9 U.S.C. § 3, the November 22, 2024 Order also stayed the federal action (rather than dismissing) as to each Arbitration Plaintiff, pending their arbitrations. *See* ECF No. 219 at PageID.6105 ("[T]he court exercises its discretion to stay proceedings as to only the 21 Arbitration Plaintiffs.") (citing *Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024)). The action as to the remaining 100 Plaintiffs, however, remains on course for further proceedings in this court. *See id.* ("[T]his federal action will proceed as to the remaining 100 Plaintiffs."); *see, e.g.*, ECF No. 169 (pending Partial Motion to Dismiss filed by Defendants).

Under Federal Rule of Civil Procedure 21 a court may "[o]n motion or on its own . . . on just terms, add or drop a party," and "may also sever any claim against a party." In deciding whether to sever, courts may consider "fundamental fairness," "judicial economy" as well as "prejudice to either side," among other factors. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000). And *Coleman* reasoned that district courts are vested with "broad discretion" to make severance decisions. *Id.* at 1297. Indeed, "the court has virtually unfettered discretion in determining whether or not severance is appropriate." *Grano v. Sodexo Mgmt., Inc.*, 2020 WL 2111898, at *7 (S.D. Cal. May 4, 2020 (quoting *Grigsby v. Kane*, 250 F. Supp. 2d 453, 456 (M.D. Pa. 2003)). "As long as there is a discrete and separate claim, the district court may exercise its discretion and sever it." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Here, the claims of each of the 21 Arbitration Plaintiffs will proceed separately via arbitration, and each of their claims has been stayed. Maintaining each of these Plaintiffs in the *current* action will only cause further confusion and administrative problems in an action that is already proving to be unwieldy, as it concerns both state statutory and federal claims, a collective action under 29 U.S.C. § 216(b), and a class action under Federal Rule of Civil Procedure 23. And each individual arbitration may be subject to further court proceedings to confirm or vacate an arbitration award. In short, severance make sense given current circumstances. Accordingly, for administrative reasons, the court deems it in the interests of justice and efficiency to SEVER the 21 Arbitration Plaintiffs from this action (Civ. No. 23-00104 JMS-KJM).

Moreover, "[w]hen a claim is severed, it becomes an entirely new and independent case." *Herklotz v. Parkinson*, 848 F.3d 894, 898 (9th Cir. 2017) (citing *Gaffney v. Riverboat Servs. of Ind.*, 451 F.3d 424, 441 (7th Cir. 2006) ("As a general matter, Rule 21 severance creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability.")) (other citations omitted). Indeed, courts have severed plaintiffs and opened new cases in the precise context at issue here—in a multi-plaintiff suit brought under the Fair Labor Standards Act, where the court compelled a plaintiff or plaintiffs to arbitrate based on an arbitration clause. *See, e.g.*, *Smith v.*

*Dolgencorp, LLC*, 2017 WL 818570, at *4 (N.D. Ala. Mar. 2, 2017); *Oates v. Kinder Morgan Energy Partners, L.P.*, 2023 WL 405340, at *2 (W.D. Ok. Jan. 25, 2023) (severing and staying claims of certain collective action plaintiffs under 29 U.S.C. § 216(b), based on arbitration provisions, and ordering the Clerk of Court to "open a new civil action as to the severed claims of the [arbitration plaintiffs] without collection of a filing fee").

Thus, the Clerk of Court shall, after severing each of the 21 Arbitration Plaintiffs listed above from this action, open a new civil action for each of the 21 Arbitration Plaintiffs, and assign them to this court (Judge J. Michael Seabright).[1] A filing fee has already been paid to open the current action, and need not be collected for each of the 21 new actions. *See Oates*, 2023 WL 405340, at *2. Plaintiffs were required under 29 U.S.C. § 216(b) to "opt-in" by giving consent in writing to join as plaintiffs, and the Arbitration Plaintiffs opposed the motion to compel arbitration. And so, this is not a situation where the Arbitration Plaintiffs had joined together in one action specifically to avoid paying a filing fee, as was the situation in *In re Zantac (Ranitidine) Products Liability Litig.*, 343 F.R.D. 347, 353–56 (S.D. Fla. 2023) (requiring individual filing fees after severing numerous plaintiffs under Rule 21 and after determining that they were mis-joined

---

[1] At a December 4, 2024 status conference, the parties agreed that the court could sever each of the 21 Arbitration Plaintiffs and create new civil actions for each of them.

under Rule 20, reasoning that "Rule 20 does not permit claims to be joined solely to reduce filing fees").

In each new case, the Clerk shall include this Order as the initiating document; an entry with the November 22, 2024 Order Compelling Arbitration (ECF No. 219); and a copy of the public docket of the current case, as background. Any pending motions in this current case are inapplicable to the newly-opened actions.

After opening each new action, the Clerk shall then administratively CLOSE that action because the dispute is subject to arbitration as set forth in the November 22, 2024 Order Compelling Arbitration. *See, e.g.*, *Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 127, 128 (3d Cir. 2004) (explaining that administrative closings "comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication" and are "an administrative convenience which allows the removal of cases from the [docket] in appropriate situations[.]") (citations omitted).

The closing of each new case is solely an administrative matter and does not impact, in any manner, any party's rights or obligations, and does not alter in any manner any previous rulings by the court. *See Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005) (discussing administrative closures, stating that "[a]n order administratively closing a case is a docket management tool that has no

5

jurisdictional effect"). Should a party to a new case later seek to confirm or vacate an arbitration award, that party may file an appropriate motion in that case, and the case will then be administratively reopened without a need for a filing fee.

Counsel shall jointly file a short status report every six months in each case simply to inform the court of the status of each arbitration. The court may later reopen the case, or otherwise terminate it as appropriate, depending on subsequent events.

To summarize:

(1) The court SEVERS the 21 Arbitration Plaintiffs from this action (Civ. No. 23-00104 JMS-KJM);

(2) The Clerk of Court shall open a new civil action for each of the Arbitration Plaintiffs (without the need for payment of a new filing fee), and assign them to this court (Judge J. Michael Seabright);

(3) The Clerk of Court shall include this Order as the initiating document in each new case; an entry with the November 22, 2024 Order Compelling Arbitration (ECF No. 219); and a copy of the current public docket sheet, as background;

(4) Each new case will then be administratively closed, pending arbitration of the dispute as set forth in the November 22, 2024 Order Compelling Arbitration; and

///

///

///

///

(5)  In each new case, a joint status report is due from counsel every six months, beginning six months from today.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 11, 2024.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Bolos v. Waldorf Astoria Mgmt. LLC, et al.*, Civ. No. 23-00104 JMS-KJM, Order Severing Arbitration Plaintiffs and Opening New Civil Cases