JONES DAY
Michael J. Gray (*pro hac vice*)
mjgray@jonesday.com
Brent D. Knight (*pro hac vice*)
bdknight@jonesday.com
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone:  +1.312.782.3939
Facsimile:   +1.312.782.8585

LITTLER MENDELSON P.C.
Judy M. Iriye, Bar No. 10569
jiriye@littler.com.com
500 Ala Moana Blvd.
Suite 7400, PMB #404
Honolulu, HI 96813
Telephone:  +1. 808.650.6064
Facsimile:   +1.310.553.5583

*Additional Defense Counsel Listed on Next Page*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAURIE BOLOS, et al., on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Waldorf=Astoria Management LLC operating as Grand Wailea, A Waldorf Astoria Resort; GW Manager LLC dba Grand Wailea, A Waldorf Astoria Resort; BRE Iconic GWR Owner LLC; John Paul Oliver, an individual; and DOES 1-25,<br><br>Defendants. | Civil No. 1:23-cv-00104-JMS-KJM<br><br>**DEFENDANTS WALDORF=ASTORIA MANAGEMENT LLC'S, GW MANAGER LLC'S, BRE ICONIC GWR OWNER LLC'S, AND JOHN PAUL OLIVER'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>The Hon. J. Michael Seabright<br>Hearing Date: TBD<br>Hearing Time: TBD<br>Trial Date: November 12, 2025 |

JONES DAY
Liat L. Yamini (*pro hac vice*)
lyamini@jonesday.com
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071.2452
Telephone: +1.213.489.3939
Facsimile:  +1.213.243.2539

JONES DAY
Cindi L. Ritchey (*pro hac vice*)
critchey@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, CA 92121-3134
Telephone: +1.858.314.1200
Facsimile:  +1.844.345.3178

*Attorneys for Defendants*,
Waldorf=Astoria Management LLC;
GW Manager LLC; BRE Iconic GWR
Owner LLC; and John Paul Oliver

## <u>DEFENDANTS' PARTIAL MOTION TO DISMISS</u>

Defendants Waldorf=Astoria Management LLC, GW Manager LLC, BRE Iconic GWR Owner LLC, and John Paul Oliver, by and through their undersigned counsel, hereby move this Court for an Order dismissing Counts II, V, and VI of Plaintiffs' Fourth Amended Complaint (ECF No. 256) with prejudice.

This Motion is made pursuant to Rules 12(b)(6), 12(c), and 12(f) of the Federal Rules of Civil Procedure, and District of Hawaii Local Rules 7.1, 7.2, 7.3, 7.4, and 7.5.  It is supported by the attached Memorandum, the record before this Court, and such arguments as may be presented at any hearing.  This Motion is made following multiple conferences of counsel pursuant to Local Rule 7.8, including most recently on March 25, 2025.  Pursuant to Local Rule 7.1(c), Defendants respectfully request that the Court hold a hearing on this Motion.

Dated:  March 31, 2025

Respectfully submitted,

JONES DAY

By:  */s/ Michael J. Gray*
     Michael J. Gray

*Attorney for Defendants*,
Waldorf=Astoria Management LLC;
GW Manager LLC; BRE Iconic GWR
Owner LLC; and John Paul Oliver

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION .........................................................................................1

II.    RELEVANT BACKGROUND ...................................................................2

III.   LEGAL STANDARD ..................................................................................5

IV.   ARGUMENT..............................................................................................6

      A.     Plaintiffs Fail to State an Unjust Enrichment Claim
            (Count V)...........................................................................................6

      B.     Plaintiffs Fail to State a Retaliation Claim
            (Count VI) ......................................................................................12

      C.     Plaintiffs' "Unpaid Wages" Claim (Count II) Fails to
            Comply with the *Twombly/Iqbal* Pleading Standards
            and is Duplicative of Plaintiffs' Unlawful Failure to
            Reimburse and Unlawful Deductions Claim (Count III),
            Failure to Pay Minimum Wage Claim (Count I), and
            Failure to Pay Overtime Claim (Count IV); Count II Should Be
            Dismissed .......................................................................................21

V.     CONCLUSION..........................................................................................24

# <u>TABLE OF AUTHORITIES</u>

**Page**

**CASES**

*Aleem v. Bank of Am.*,
    2010 WL 532330 (C.D. Cal. Feb. 9, 2010) ........................................................9

*Bd. of Directors v. Regency Tower Venture*,
    635 P.2d 244, 249 (Haw. Ct. App. 1981) .............................................................6

*Bendeck v. Workman*,
    2017 WL 1758079 (D. Haw. May 4, 2017).........................................................18

*Bitarafan v. Claremont Police Dep't*,
    2025 WL 575355 (C.D. Cal. Jan. 3, 2025) .........................................................18

*Broder v. Cablevision Sys. Corp.*,
    418 F.3d 187 (2d Cir. 2005) ...............................................................................10

*Chavez v. United States*,
    683 F.3d 1102, 1108 (9th Cir. 2012) ....................................................................4

*Davis v. Four Seasons Hotel Ltd.*,
    2011 WL 5025521 (D. Haw. Oct. 20, 2011) ....................................................7, 8

*Drury v. Barcelona Holdings, LLC*,
    2017 WL 4349221 (D. Nev. Sept. 29, 2017) .......................................................9

*First Resort, Inc. v. Herrera*,
    860 F.3d 1263, 1274 (9th Cir. 2017) ....................................................................4

*Franco v. Fed. Nat'l Mortg. Ass'n*,
    2011 WL 1842970 (D. Haw. May 13, 2011).......................................................11

*Greys Ave. Partners, LLC v. Theyers*,
    484 F. Supp. 3d 895 (D. Haw. 2020) ..................................................................24

*Grilho v. Pioneer Hi-Bred Int'l, Inc.*,
    2020 WL 2086486 (D. Haw. Apr. 30, 2020) ......................................................21

*Grubic v. Los Angeles Superior Ct.*,
    2009 WL 10698377 (C.D. Cal. Dec. 21, 2009) ............................................17, 18

# TABLE OF AUTHORITIES

## (continued)

Page

*Heyer v. Governing Bd. of Mount Diablo Unified Sch. Dist.*,
2011 WL 2600913 (N.D. Cal. June 30, 2011) .................................... 19, 20

*Jackson v. Bd. of Equalization*,
2010 WL 3733983 (E.D. Cal. Sept. 20, 2010) .................................... 17

*Kim v. Prudential Fin., Inc.*,
2016 WL 2595477 (D. Or. May 4, 2016) .......................................... 17

*Landers v. Quality Comm'cns, Inc.*,
771 F.3d 638, 646 (9th Cir. 2014) ............................................... 22

*Lil' Man In the Boat, Inc. v. City & Cty. of San Francisco*,
2018 WL 4207260 (N.D. Cal. Sept. 4, 2018) ..................................... 9

*Lono v. Haw. Pac. Univ.*,
2024 WL 1117109 (D. Haw. Mar. 13, 2024) ..................................... 13

*Lyons v. England*,
307 F.3d 1092, 1114 (9th Cir. 2002) ............................................ 17

*Mahoe v. Operating Engineers Local Union No. 3*,
2013 WL 5447261 (D. Haw. Sept. 27, 2013) .................................... 20

*Martin v. Gates*,
2008 WL 4657807 (D. Haw. Oct. 20, 2008) .................................. 15, 16

*Miller v. Cty. of Honolulu, Dep't of Cust. Servs.*,
2008 WL 11344897 (D. Haw. Oct. 30, 2008) ................................... 16

*Money v. Hawaii*,
2022 WL 1748442 (D. Haw. May 31, 2022) ...................................... 4

*Newcomb v. Cambridge Home Loans, Inc.*,
861 F. Supp. 2d 1153 (D. Haw. Mar. 20, 2012) ................................ 12

*N. Cty. Comm'cs Corp. v. Cal. Catalog & Tech.*,
594 F.3d 1149 (9th Cir. 2010) ................................................. 9, 10

*Park v. Hawaii Med. Serv. Assn.*,
582 F. Supp. 3d 760 (D. Haw. 2022) ............................................. 5

*Parrish v. Mabus*,
2014 WL 12573852 (D. Haw. Jan. 3, 2014) .................................. 19, 20

# TABLE OF AUTHORITIES

## (continued)

Page

*Pierce v. Gavigan*,
2024 WL 38096 (D. Haw. Jan. 3, 2024)................................................5

*Pratt v. Dep't of Public Safety*,
2018 WL 5850177 (D. Haw. Nov. 8, 2018) .......................................19

*Radix Law PLC v. JPMorgan Chase Bank NA*,
508 F. Supp. 3d 515 (D. Ariz. Dec. 21, 2020) ...................................9

*Soule v. Hilton Worldwide, Inc.*,
1 F. Supp. 3d 1084 (D. Haw. 2014)....................................6, 7, 11, 12

*Tagupa v. VIPdesk, Inc.*,
125 F. Supp. 3d 1108 (D. Haw. 2015) .............................................13

*Thomas v. Spencer*,
294 F. Supp. 3d 990 (D. Haw. 2018)................................................17

*UMG Recordings, Inc. v. Shelter Capital Partners, LLC*,
718 F.3d 1006, 1014 (9th Cir. 2013) ................................................5

*Umland v. PLANCO Fin. Servs., Inc.*,
542 F.3d 59 (3d Cir. 2008) .................................................................8

*Weger v. City of Ladue*,
500 F.3d 710, 726–27 (8th Cir. 2008) ............................................15

**STATUTES**

Haw. Rev. Stat. § § 378-62. .................................................................5

Haw. Rev. Stat. § 383. .........................................................................8

Haw. Rev. Stat. § 387-2. ......................................................................4

Haw. Rev. Stat. § 387-12. .....................................................................4

Haw. Rev. Stat. § 388-6. ..........................................................4, 23, 24

Haw. Rev. Stat. § § 388-10. ..........................................................4, 21

Haw. Rev. Stat. § § 388-11. ..........................................................4, 21

## TABLE OF AUTHORITIES
### (continued)

**Page**

Haw. Rev. Stat. § § 392-25 ...................................................................................8

Haw. Rev. Stat. § 393 ...........................................................................................8

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure, Rule 8(a)(2) ....................................................5

Federal Rules of Civil Procedure, Rule 12 ...........................................................5

Federal Rules of Civil Procedure, Rule 12(b)(6) ..................................................5

Federal Rules of Civil Procedure, Rule 12(c) .......................................................5

Federal Rules of Civil Procedure, Rule 12(f) .......................................................5

DC-54 Complaint Form,
    https://labor.hawaii.gov/dcd/forms/ .................................................................11

State of Hawaii, Disability Compensation Division,
    https://labor.hawaii.gov/dcd/ ................................................................10, 11

State of Hawaii, Unemployment Insurance, *FAQs – Frequently Asked
    Questions*, https://labor.hawaii.gov/ui/faq/ .....................................................11

## MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS

## I.    INTRODUCTION

In its January 13, 2025 Order (ECF No. 233) on Defendants' Partial Motion to Dismiss Plaintiffs' Second Amended Complaint, this Court dismissed, with leave to amend, Plaintiffs' counts for unjust enrichment, retaliation, and unpaid wages, providing explicit directions as to how Plaintiffs could attempt to remedy their pleading defects, if at all.  In their Fourth Amended Complaint, Plaintiffs fail to remedy any of the defects previously identified by the Court.  In their unjust enrichment cause of action (Count V), Plaintiffs restate the exact same allegations pled in the Second Amended Complaint adding only – without explanation – that they lack an adequate remedy at law, and seek to add as part of the cause of action four additional claims that were previously dismissed – with prejudice – by this Court for lacking a private right of action.  In their retaliation cause of action (Count VI), Plaintiffs likewise cite the same policies and work conditions the Court previously ruled were insufficient to state a claim as a basis for retaliation, and add a failure to promote theory that not only does not apply to the vast majority of the Plaintiffs who seek to bring it, but also, they fail to plead basic facts sufficient to state the claim.  And, the Court granted Plaintiffs leave to amend their unpaid wages claim (Count II) with the specific instruction to "comply with the *Twombly/Iqbal* plausibility pleading standards," ECF No. 233, at 26; yet, Plaintiffs' plead the same

type of general allegations that the Court previously found insufficient to state a claim for their minimum wage and overtime causes of action.

This is Plaintiffs' fifth complaint in this case. Even after the Court provided Plaintiffs explicit instructions as to how they could attempt to replead their previously dismissed claims, they have proven unable or unwilling to do so. Accordingly, Plaintiffs' claims for unjust enrichment (Count V), retaliation (Count VI), and unpaid wages (Count II) should be dismissed with prejudice.

## II.    RELEVANT BACKGROUND

The procedural history of this case is well known to the Court. As relevant here, on July 19, 2024, Defendants moved to dismiss 15 of the 16 counts asserted in Plaintiffs' Corrected Second Amended Class and Collective Action Complaint. *See* ECF No. 169. On January 13, 2025, this Court granted in part and denied in part Defendants' motion. *See* ECF No. 233. Among other rulings, this Court (1) dismissed Plaintiffs' minimum wage claim under Hawaii law, as well as their overtime claim under the Fair Labor Standards Act ("FLSA"), with leave to amend to attempt to plead plausible claims under the *Twombly/Iqbal* plausibility pleading standard (ECF No. 233, at 19-23, 50-53), (2) dismissed Plaintiffs' retaliation claims under the FLSA and Hawaii law with leave to amend to attempt to "allege retaliation directed only to spa workers who engaged in protected activity" (*id.* at 75-81), and (3) dismissed Plaintiffs' unjust enrichment claim with leave to amend "to attempt to

plead how they do not have an 'adequate remedy at law,' and thus explain how they should be 'entitled to pursue alternative theories'" (*id.* at 72-75).

The Court also dismissed, without leave to amend, seven counts asserting procedural-type wage and hour violations under Hawaii law (as well as other alleged violations of Hawaii law) (*id.* at 2), federal and Hawaii civil RICO claims (*id.* at 3), and an unpaid overtime claim under Hawaii law (ECF No. 233, at 2). The Court declined to dismiss Plaintiffs' promissory estoppel claim (*id.* at 3). The Court also granted Plaintiffs leave to file a Third Amended Complaint that "complies with the details set forth in th[e] Order" by February 14, 2025. *See id.* at 88.

On February 14, 2025, Plaintiffs filed their Third Amended Complaint against only four of the eight Defendants named in their Second Amended Complaint: Waldorf=Astoria Management LLC, GW Manager LLC, BRE Iconic GWR Owner LLC, and John Paul Oliver.[1] Soon thereafter, Defendants' counsel met and conferred with Plaintiffs' counsel over several clear defects in the Third Amended Complaint, including Plaintiffs': (i) inclusion of the 21 Plaintiffs who previously were severed from this case and compelled to arbitration by the Court's Order (*see also* ECF No. 249); (ii) assertion of a Hawaii Whistleblower Protection Act

---

[1] Defendant Joseph Berger was dismissed pursuant to this Court's Order (ECF No. 233, at 87), BRE Hotels & Resorts LLC and Bart Santiago were dismissed pursuant to stipulation (ECF No. 240), and Plaintiffs voluntarily dismissed Defendant Allan Federer (ECF No. 238).

("HWPA") claim against defendant John Paul Oliver, despite this Court's order that "[a]ny amended HWPA retaliation claim must not include individual Defendants" (*see* ECF No. 233, at 84); and (iii) failure to identify which Plaintiffs were asserting retaliation claims.  On March 7, 2025, the parties informed the Court that Plaintiffs intended to file a Fourth Amended Complaint to correct these deficiencies, and proposed a new briefing schedule with a deadline for Plaintiffs to file a Fourth Amended Complaint by March 12, 2025.  *See* ECF No. 254.

On March 12, 2025, Plaintiffs filed their Fourth Amended Complaint against Defendants Waldorf=Astoria Management LLC, GW Manager LLC, BRE Iconic GWR Owner LLC, and John Paul Oliver.  In the Fourth Amended Complaint, Plaintiffs bring seven counts against all four remaining Defendants: (i) failure to pay minimum wage under Haw. Rev. Stat. § 387-2, -12; (ii) unpaid wages under Haw. Rev. Stat. §§ 388-10(a), 388-11(a); (iii) unlawful failure to reimburse and unlawful paycheck deductions under Haw. Rev. Stat. § 388-6; (iv) failure to pay overtime under the FLSA;[2] (v) unjust enrichment; (vi) retaliation under the FLSA and Haw.

---

[2] In the Fourth Amended Complaint, only 54 of the 100 Plaintiffs assert an FLSA claim for unpaid overtime.  *See* ECF No. 256, at ¶¶ 113, 245.  The remaining 46 Plaintiffs have abandoned their FLSA claims by not asserting them in the Fourth Amended Complaint.  *See Money v. Hawaii*, 2022 WL 1748442, at *2 (D. Haw. May 31, 2022) (claims not realleged in amended complaint are "effectively abandoned") (citing *First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1274 (9th Cir. 2017)).

Rev. Stat. § 378-62 (except the HWPA retaliation claim is no longer brought against

Defendant John Paul Oliver); and (vii) detrimental reliance on a promise.  *See* ECF

No. 256, at 40-85.

Defendants now move, again, to dismiss Plaintiffs' claims for unjust

enrichment (Count V), retaliation (Count VI), and unpaid wages (Count II) with

prejudice.

## III.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil procedure "permits a motion to

dismiss for 'failure to state a claim upon which relief can be granted.'"  *Pierce v.

Gavigan*, 2024 WL 38096, at *3 (D. Haw. Jan. 3, 2024).  "A Rule 12(b)(6) dismissal

is proper where there is either a 'lack of a cognizable legal theory or absence of

sufficient facts alleged.'"  *Id.* (citing *UMG Recordings, Inc. v. Shelter Capital

Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013)).  Rule 8(a)(2), which "is read

in conjunction with" Rule 12, requires "a short and plain statement of the claim

showing that the pleader is entitled to relief."  *Id.*  In addition, Rule 12(f) provides

that "[t]he court may strike from a pleading . . . any redundant . . . matter."[3]

---

[3] Defendants invoke Rule 12(c) in the alternative.  The "[a]nalysis under
Rule 12(c) is 'substantially identical to analysis under Rule 12(b)(6) because, under
both rules, a court must determine whether the facts alleged in the complaint, taken
as true, entitle the plaintiff to a legal remedy."  *Park v. Hawaii Med. Serv. Assn.*, 582
F. Supp. 3d 760, 765 (D. Haw. 2022) (citing *Chavez v. United States*, 683 F.3d 1102,
1108 (9th Cir. 2012)).

## IV.    ARGUMENT

### A.    Plaintiffs Fail to State an Unjust Enrichment Claim (Count V).

Plaintiffs again fail to state an unjust enrichment claim.  As Defendants previously explained (*see* ECF No. 169, at 20-21), "[c]laims for unjust enrichment and quantum meruit derive from principles of equity and quasi-contract." *Soule v. Hilton Worldwide, Inc.*, 1 F. Supp. 3d 1084, 1102 (D. Haw. 2014).  And under Hawaii law, the absence of a legal remedy "is the necessary prerequisite to maintaining equitable claims." *Id.* (quoting *Bd. of Directors v. Regency Tower Venture*, 635 P.2d 244, 249 (Haw. Ct. App. 1981)).

In the January 13, 2025 Order on Defendants' Partial Motion to Dismiss the Second Amended Complaint, this Court held "that a claim in equity fails if a plaintiff has an adequate remedy at law based on the same facts."  *See* ECF No. 233, at 74. *See also id.* at 72-73 ("The absence of an adequate remedy at law, therefore, is the necessary prerequisite to maintaining equitable claims.") (quoting *Soule*, 1 F. Supp. 3d at 1102).  Consequently, this Court dismissed Plaintiffs' unjust enrichment claim in the Second Amended Complaint – which was premised on allegations of "nonpayment of overtime and minimum wage, withholding of FICA and [FUCA] tax contributions, and . . . benefits and insurance owed under state and federal law" – because it "fail[ed] as [] pled." *See* ECF No. 233, at 72–74.  The Court granted Plaintiffs leave to amend this claim with instructions "to attempt to plead how they

do not have an 'adequate remedy at law,' and thus explain how they should be 'entitled to pursue alternative theories.'" *See id.* at 74. Plaintiffs' Fourth Amended Complaint fails to meet this standard.

Indeed, Plaintiffs make no serious attempt to remedy the defects this Court identified in its January 13, 2025 Order. Plaintiffs instead choose to double-down and re-allege – verbatim – ***the exact same allegations and theories*** that the Court previously dismissed for failure to state a claim. *Compare* ECF No. 256, at ¶¶ 258-262, 269-272 *with* ECF No. 166, at ¶¶ 358-366. Plaintiffs' only acknowledgement of the Court's direction in its January 13, 2025 Order is to state in conclusory fashion that their "unjust enrichment claim should proceed due to the lack of an adequate legal remedy to recover these damages." *See* ECF No. 256, at ¶ 273. This allegation is entirely insufficient to plead "how" Plaintiffs "do not have an 'adequate remedy at law'" as required to plausibly allege a claim for unjust enrichment. *See* ECF No. 233, at 74. *See also Soule*, 1 F. Supp. 3d at 1102–03 (dismissing unjust enrichment claim where "Plaintiff also fail[ed] to indicate how the damages she would receive under H.R.S. § 480-2(a) are inadequate") (citing *Davis v. Four Seasons Hotel Ltd.*, 2011 WL 5025521, at *6 (D. Haw. Oct. 20, 2011)). This is unsurprising given that Plaintiffs do, indeed, have an adequate remedy at law to pursue these claims under Hawaii law, the FLSA, and through an IRS administrative claim or suit. *See* ECF No. 233, at 73–74 (analyzing the remedies under Hawaii law, the FLSA, and through

an IRS administrative claim or suit for Plaintiffs' unjust enrichment claims) (citing *Davis*, 2011 WL 5025521, at \*6 (granting summary judgment on an unjust enrichment claim seeking unpaid wages—unpaid portions of service charges—because the plaintiffs had "an adequate remedy in the form of a claim for unpaid wages under HRS § 388-6"); *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 65 (3d Cir. 2008) (holding that IRS regulations preempt state-law claims for unjust enrichment based on misclassification as independent contractors, and dismissing unjust enrichment claim for FICA taxes)).  As such, Plaintiffs' unjust enrichment count should be dismissed – with prejudice – based on these continued deficiencies alone.

Plaintiffs' attempt to repackage four of their dismissed counts as unjust enrichment claims fares no better.  In its January 13, 2025 Order, the Court dismissed – without leave to amend – Plaintiffs' claims for (i) failure to provide prepaid group health insurance under Haw. Rev. Stat. § 393; (ii) failure to provide employment security benefits under Haw. Rev. Stat. § 383; (iii) failure to provide temporary disability insurance under Haw. Rev. Stat. § 392-25; and (iv) failure to provide workers' compensation benefits under Hawaii law, because each of these claims lack a private right of action.  *Compare* ECF No. 256, at ¶¶ 263-268 *with* ECF No. 166, Counts VII, VIII, IX, X.  *See also* ECF No. 233, at 46-50.  Plaintiffs' response is to tack those claims onto their unjust enrichment count in their Fourth Amended

Complaint, alleging that "[b]ecause Plaintiffs lack a private right of action under [these Hawaii statutes], Plaintiffs lack an adequate remedy at law for Defendants' failure to provide these statutory benefits as misclassified independent contractors." *See* ECF No. 256, at ¶ 273.

Courts in this Circuit have repeatedly rejected attempts by plaintiffs to create a private right of action where none exists by re-casting claims as ones for unjust enrichment. *See, e.g.*, *Radix Law PLC v. JPMorgan Chase Bank NA*, 508 F. Supp. 3d 515, 520 (D. Ariz. Dec. 21, 2020) (dismissing unjust enrichment claim "attempt[ing] to enforce the CARES Act[,]" which lacked a private right of action); *Lil' Man In the Boat, Inc. v. City & Cty. of San Francisco*, 2018 WL 4207260, at *4 (N.D. Cal. Sept. 4, 2018) ("When a plaintiff lacks a private right of action under a particular statute, she cannot argue around that limitation by bootstrapping her cause of action onto an unjust enrichment or declaratory relief claim based on the same statute."); *Drury v. Barcelona Holdings, LLC*, 2017 WL 4349221, at *10 (D. Nev. Sept. 29, 2017) (granting summary judgment on unjust enrichment claim seeking to "indirectly enforce" a state statute with "[n]o private right of action"); *Aleem v. Bank of Am.*, 2010 WL 532330, at *4 (C.D. Cal. Feb. 9, 2010) (dismissing unjust enrichment claim cast as an attempt to enforce federal statutes with no private right of action). *See also N. Cty. Comm'cs Corp. v. Cal. Catalog & Tech.*, 594 F.3d 1149, 1158 (9th Cir. 2010) (rejecting declaratory judgment claim premised on a federal

statute with no private right of action and explaining that an "entry of a declaratory judgment would put interpretation of a finely-tuned regulatory scheme squarely in the hands of private parties and some 700 federal district judges, instead of in the hands of the Commission"); *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 203 (2d Cir. 2005) (explaining, under New York law, that "[w]hen a plaintiff does not possess a private right of action under a particular statute, and does not allege any actions independent of the requirements of that statute, a claim for unjust enrichment is properly dismissed as an effort to circumvent the legislative preclusion of private lawsuits for violation of the statute").  This Court should likewise do so here.

Plaintiffs also have an adequate remedy at law for each of their four new allegations.  As this Court previously recognized, the statutes upon which Plaintiffs rely for these claims vest enforcement authority with the Hawaii Department of Labor and Industrial Relations ("DLIR").  *See id.* at 46-50.  Plaintiffs therefore have an adequate remedy to pursue these claims with the DLIR.  Specifically, the Disability Compensation Division of the DLIR is responsible for "provid[ing] economic security and stability for Hawaii's workforce through education, enforcement, and adjudication of the Workers' Compensation (WC), Temporary Disability Insurance (TDI), [and] Prepaid Health Care Laws."  *See* State of Hawaii, Disability Compensation Division, https://labor.hawaii.gov/dcd/ (last visited Mar.

10, 2025).[4]    And the DLIR Employment Security Appeals Division and Unemployment Insurance Division are responsible for administering claims related to Hawaii's Employment Security Law.  *See* State of Hawaii, Unemployment Insurance, *FAQs – Frequently Asked Questions*, https://labor.hawaii.gov/ui/faq/ (last visited Mar. 10, 2025).  As such, Plaintiffs' attempt to re-package these four dismissed statutory claims as unjust enrichment claims fails for the same reason as their prior theories – because "an adequate remedy at law otherwise exists."  *See* ECF No. 233, at 72.

Lastly, Plaintiffs' unjust enrichment claim fails for the additional reason that "an action for unjust enrichment cannot lie in the face of an express contract."  *See Franco v. Fed. Nat'l Mortg. Ass'n*, 2011 WL 1842970, at *7 (D. Haw. May 13, 2011).  Indeed, "this district court on multiple occasions has granted a defendant's motion to dismiss with respect to plaintiff's unjust enrichment claim when an express contract or agreement concerning the same subject matter existed between the parties."  *See Soule*, 1 F. Supp. 3d at 1103 (collecting cases).

Here, the Fourth Amended Complaint alleges that all "Plaintiffs and the Putative Class Members enter[ed] into an 'Independent Contractor Agreement'" (*see*

---

[4]The DLIR maintains a dedicated complaint form on its website to pursue alleged violations of Hawaii's Temporary Disability Insurance or Prepaid Healthcare matters.  *See* DC-54 Complaint Form, https://labor.hawaii.gov/dcd/forms/ (last visited Mar. 10, 2025).

ECF No. 256, at ¶ 123), which "dictated the rates Defendants paid the Spa workers, as well as the other terms and conditions of their [engagement]," *id.* at ¶ 130. *See also id.* at ¶ 162 ("Pursuant to the Contractor Agreement . . . Defendants compensated the Spa workers only with commissions consisting of a small percentage of the cost Spa clients paid for the service(s) actually performed by the Spa worker."). Because these written Independent Contractor Agreements dictated all the "terms and conditions" of Plaintiffs' engagement, their unjust enrichment theories pertaining to the same subject matter covered by the contract, *i.e.*, the pay and benefits allegedly owed to them, are precluded under Hawaii law. *See Soule*, 1 F. Supp. 3d 1084, 1103–04 (dismissing unjust enrichment claim where an express contract existed between the parties concerning services charges and resort fees); *Newcomb v. Cambridge Home Loans, Inc.*, 861 F. Supp. 2d 1153, 1164–65 (D. Haw. Mar. 20, 2012) (dismissing unjust enrichment claim where, among other things, a mortgage loan "governed the rights and obligations of the parties"); *Franco*, 2011 WL 1842970, at *7 (similar).

For all these reasons, Plaintiffs' unjust enrichment claim should be dismissed without leave to amend.

## B.    Plaintiffs Fail to State a Retaliation Claim (Count VI).

Plaintiffs' re-pled retaliation claims under the FLSA and the HWPA also should be dismissed for failure to state a claim. To state a retaliation claim under

the FLSA, a plaintiff must plead facts showing that: "(1) she engaged in activity protected by the FLSA; (2) a defendant took an adverse employment action; and (3) there was a causal link between the protected activity and the adverse action." *See* ECF No. 233, at 78-79 (citing *Lono v. Haw. Pac. Univ.*, 2024 WL 1117109, at *9 (D. Haw. Mar. 13, 2024)). As this Court previously recognized, the HWPA requires essentially the same elements. *See id.* (citing *Tagupa v. VIPdesk, Inc.*, 125 F. Supp. 3d 1108, 1119 (D. Haw. 2015)). Plaintiffs' retaliation claims fail once again because they do not plead facts showing a cognizable adverse action or causal link.

 *Adverse Action.* In the Second Amended Complaint, Plaintiffs premised their retaliation claims on various alleged adverse actions that were generally applicable to "***all*** Hotel spa workers, whether or not they participated in the [alleged] protected activity" (*see* ECF No. 233, at 79) (emphasis in original), including: (1) allegedly poor working conditions "due to ongoing construction" at the Hotel; (2) the termination of their Independent Contractor Agreements and offers to rehire them as W-2 employees approximately "nine months after this action was filed[;]" (3) job offers at the new Spa to all applicants, including members of the public who are not part of this lawsuit, that were "conditioned upon agreeing to arbitration clauses[;]" and (4) the Hotel allegedly reneging on a promise to "retain their seniority when the new Spa opened in February 2024." *See id.* at 75-78 (explaining Plaintiffs' alleged adverse actions in the Second Amended Complaint).

The Court dismissed Plaintiffs' retaliation claims premised on these theories, holding that "the alleged retaliatory actions applied to everyone (i.e., all spa workers)" and therefore could not support a plausible retaliation claim. *See* ECF No. 233, at 79-81 (collecting numerous cases holding that retaliation claims cannot be premised on generally applicable workplace policies). The Court noted that it was "unclear" whether Plaintiffs could re-allege a cognizable retaliation claim consistent with the Order, but nonetheless granted Plaintiffs leave to amend to attempt to "allege retaliation directed only to spa workers who engaged in protected activity (not based on Hotel-wide changes or conditions applicable to all classes of workers)." *See id.* at 81-82.

Despite this direction from the Court, Plaintiffs re-allege in the Fourth Amended Complaint the exact same generally applicable retaliation theories that the Court previously rejected. *See* ECF No. 256, at ¶¶ 184-192, 194. The only difference is that this time Plaintiffs narrow their "Retaliation Subclass" to include only "named Plaintiffs who continued to work for Defendants after this lawsuit was filed and were threatened with retaliation and/or subjected to retaliation by Defendants" – rather than all "Plaintiffs and the Putative Class Members" (*i.e.*, all Spa workers) as previously alleged. *See* ECF No. 256, at ¶ 114.[5]

---

[5] Despite this narrowed definition limited to only named Plaintiffs, Plaintiffs still purport to bring their retaliation claims on a class basis "on Behalf of All Similarly Situation Individuals[.]" *See* ECF No. 256, at Count VI.

But Plaintiffs cannot transform generally applicable workplace policies and conditions into a retaliation claim by simply narrowing the group of Plaintiffs bringing the claim. *Cf.* ECF No. 233, at 80 ("It simply does not follow that an employer's announcement of a new policy that affects all or substantially all of its employees in the same manner would so adversely affect the Plaintiffs' lives that it would have dissuaded them from [the protected activity].") (citing *Martin v. Gates*, 2008 WL 4657807, at *6 (D. Haw. Oct. 20, 2008); *Weger v. City of Ladue*, 500 F.3d 710, 726–27 (8th Cir. 2008)). Nor, again, do Plaintiffs provide "allegations that other similarly-situated workers were not 'retaliated' against" with respect to these generally applicable retaliation allegations in the Fourth Amended Complaint. *See* ECF No. 233, at 80 (citing *Martin*, 2008 WL 4657807, at *6).

In fact, the opposite is true. The Fourth Amended Complaint identifies a Spa worker named Chaka Ra as "a former Lead independent contractor, but [] not a named Plaintiff in this action" who worked as an independent contractor alongside Plaintiffs during this same time period of "late 2023 and early 2024" who would have been subjected to these same adverse actions. See ECF No. 256, at ¶¶ 190, 193. Likewise, job applicants who were members of the public – and have no involvement with this lawsuit – were similarly affected by these generally applicable policies related to the re-opening of the new Spa. *See* ECF No. 256, at ¶ 188 (alleging that the Hotel "also open[ed] the application process to the public as well").

As this Court has previously recognized, "[a]n employment change that similarly impacts all like situated employees—as opposed to targeting one particular employee—is not an adverse employment action."  ECF No. 233, at 80 (citing *Martin*, 2008 WL 4657807, at *6).[6]

Beyond these warmed-over retaliation allegations, the Fourth Amended Complaint makes one additional allegation: "Defendants chose not to offer Lead or manager positions to any of the Leads included as Retaliation Subclass Members, while promoting Chaka Ra to a manager position."  *See* ECF No. 256, at ¶ 190. While this allegation appears to allege a failure-to-promote type theory on behalf of other Leads,[7] nowhere in the Fourth Amended Complaint do any of the "Leads included as Retaliation Subclass Members" – let alone any of the other 39 Retaliation Subclass Members – allege that they actually applied for or were otherwise qualified for this alleged "manager position."  Courts in this Circuit have rejected retaliation

---

[6] Even if Plaintiffs could establish that these alleged adverse actions were not general policies or practices of the Hotel (they cannot), their allegations still would not amount to cognizable adverse actions as a matter of law.  *See, e.g.*, *Miller v. Cty. of Honolulu, Dep't of Cust. Servs.*, 2008 WL 11344897, at *9 (D. Haw. Oct. 30, 2008) (explaining that "minor annoyances many employees face such as denial of breaks and schedule change requests, being required to perform routine undesirable tasks, and negative comments, are not adverse employment actions").

[7] According to the allegations in the Fourth Amended Complaint, this would include only eight Plaintiffs in the "Retaliation Subclass" who allege that they served as a Lead: (i) Laurie Bolos; (ii) Robin Bolos; (iii) Pamela Gist; (iv) Beverly Helm; (v) Nancy Lawrence; (vi) Tsuyoshi Saito; (vii) Karen Stavash; and (viii) Nalani Zane.  *See* ECF No. 256, at ¶¶ 12, 21, 44, 49, 64, 94, 102, 111.

claims based on similar pleading deficiencies. *See, e.g.*, *Kim v. Prudential Fin., Inc.*, 2016 WL 2595477, at *4 (D. Or. May 4, 2016) (dismissing retaliation and discrimination claims premised on failure to promote allegations where "Plaintiff d[id] not allege what the requirements of [the] position were, or any other potentially relevant criteria"); *Jackson v. Bd. of Equalization*, 2010 WL 3733983, at *11 (E.D. Cal. Sept. 20, 2010) (dismissing retaliation claim based on failure to promote allegations where "plaintiff d[id] not allege . . . that she was qualified for the position, that the position was equal to or better than her then-current position, or that she was as qualified or more qualified than the individual ultimately hired"). *See also Thomas v. Spencer*, 294 F. Supp. 3d 990, 997 (D. Haw. 2018) (granting summary judgment on retaliation claim where "Plaintiff ha[d] not presented any facts to show that Defendant was seeking applicants for these positions or that he applied or was qualified for these positions" and explaining that "in a failure to promote context, Plaintiff generally must show that he applied for the job at issue").[8]  As such, this new alleged adverse action theory also fails.

---

[8] While the Ninth Circuit has recognized that a "Plaintiff does not need to show that he applied for an available position when making a failure-to-promote claim 'if the trier of fact could reasonably infer that promotions were not awarded on a competitive basis[,]'" *Thomas*, 294 F. Supp. 3d at 998 (citing *Lyons v. England*, 307 F.3d 1092, 1114 (9th Cir. 2002)), the Fourth Amended Complaint alleges no facts to state a plausible adverse action consistent with this theory. *See, e.g.*, *Grubic v. Los Angeles Superior Ct.*, 2009 WL 10698377, at *6 (C.D. Cal. Dec. 21, 2009) (dismissing failure to promote claim noting that while "[t]he Court is mindful" of the *Lyons* decision, "[n]evertheless, plaintiff does not plead that she . . . ha[d] the

***Causal Link.***  Plaintiffs' retaliation claim fails for another reason: their own allegations eviscerate any plausible causal link between the alleged protected activity – "the initial filing of this lawsuit" (*see* ECF No. 256, at ¶ 184) – and any alleged adverse actions.

As to poor working conditions, Plaintiffs alleged in the Second Amended Complaint that this resulted from "ongoing construction at the hotel" (*see* ECF No. 233, at 79)—not any alleged retaliatory motives by Defendants.  Plaintiffs have since removed this allegation from the Fourth Amended Complaint (*compare* ECF No. 256, at ¶ 184 *with* ECF No. 166, at ¶ 225),[9] but their remaining allegations make clear that these alleged working conditions were the result of a need "to accommodate remodeling and construction[.]"  *See* ECF No. 256, at ¶ 184.  Indeed, Plaintiffs allege that this "significant construction" at the Spa "spann[ed] from ***approximately 2019***" – more than four years prior to the filing of the original complaint – "until the reopening of the Spa on February 2, 2024[.]"  *See* ECF No.

_____

'minimum qualifications' to be considered for these unspecified supervisor positions").

[9] This Court should "not ignore contradictory statements of fact between an original and amended complaint" in analyzing the plausibility of Plaintiffs' retaliation claim.  *See Bendeck v. Workman*, 2017 WL 1758079, at *5 (D. Haw. May 4, 2017).  *See also Bitarafan v. Claremont Police Dep't*, 2025 WL 575355, at *1 n.1 (C.D. Cal. Jan. 3, 2025) ("[T]he Court does not ignore the prior allegations from an initial complaint in determining the plausibility of the current pleading and is not required to accept as true contradictory allegations in an amended complaint without more facts.").

256, at ¶ 173 (emphasis added).  It is not only implausible, but inconceivable that Plaintiffs' allegedly poor working conditions were the result of retaliation by Defendants for Plaintiffs' participation in this lawsuit.  *See also Parrish v. Mabus*, 2014 WL 12573852, at *7 (D. Haw. Jan. 3, 2014) ("Clearly, Defendant's employment actions took place prior to Plaintiffs' protected activity and therefore, Plaintiffs are unable to establish any causal link between their protected activity and the adverse action.").

The remaining allegations of adverse actions – related to the hiring of Plaintiffs and other individuals as W-2 employees in 2024 – all occurred at least "nine (9) months after this lawsuit was filed[.]"  *See* ECF No. 256, at ¶ 187.  And courts in this Circuit routinely dismiss retaliation claims where nine – or even fewer – months have passed between the alleged protected activity and adverse action. *See, e.g.*, *Pratt v. Dep't of Public Safety*, 2018 WL 5850177, at *9 (D. Haw. Nov. 8, 2018) (dismissing retaliation claim with thirteen-month gap, citing Ninth Circuit decisions for the proposition that "a five-month lag between protected activity and the retaliatory acts is too long to infer causation"); *Mahoe v. Operating Engineers Local Union No. 3*, 2013 WL 5447261, at *7 (D. Haw. Sept. 27, 2013) (dismissing retaliation claim with seven-month gap, citing Ninth Circuit decision holding "that a nine month lapse between [protected activity] . . . and an adverse action was insufficient to infer causation"); *Heyer v. Governing Bd. of Mount Diablo Unified*

*Sch. Dist.*, 2011 WL 2600913, at *1 (N.D. Cal. June 30, 2011) (dismissing retaliation claim with nine-month gap and relying on Ninth Circuit decisions finding seven- and nine-month gaps insufficient to support a retaliation claim).

Lastly, the retaliation claims of certain Retaliation Subclass members[10] fail for the additional reason that they cannot establish a causal nexus because they did not join this lawsuit until ***after*** "February 2, 2024 . . . when Defendants reclassified and rehired Spa workers as W-2 employees" (ECF No. 256, at ¶ 244), and also well after the alleged adverse actions occurring "nine (9) months after this lawsuit was filed" (*see* ECF No. 256, at ¶ 187). Indeed, these Plaintiffs did not seek to join this action – and therefore could not have engaged in the alleged protected activity – until February 16, 2024, when Plaintiffs filed a Motion for Leave to File a Second Amended Complaint to, among other things, add the 29 Plaintiffs identified above. *See* ECF No. 114. Courts in this Circuit routinely recognize that no causal nexus can be established where the alleged adverse action pre-dates the alleged protected activity. *See, e.g., Parrish*, 2014 WL 12573852, at *7 (dismissing retaliation claim for lack of causal nexus where alleged adverse employment actions "took place prior

---

[10] Specifically, Jovanee Alviedo, Kathleen Blaser, Dawn Boucher, Marisela Bracho, Inge Brodehl, Molly Brooke, Sri Marlina Caminos, Tina Ecklar, Melanie Friske, Chimiko Fukui, Olga Gorina, Misty Hudspeth, Kaori Iwatake-Williams, Hiroko Kawachi, Kari Lawrence, Nancy Lawrence, Chihiro MacKnight, Adriana Xavier Maguire, Ana Cristina Malaguti Miranda, Laurie Noble, Susan Olmsted, Danielle Olson, Michael Painchaud, Emiko Reiss, Tsuyoshi Saito, Elysia Semmerling, Meta Barbara Smith, Tiffany Tea, and Chelsea Wood.

to Plaintiffs' protected activity"); *Grilho v. Pioneer Hi-Bred Int'l, Inc.*, 2020 WL 2086486, at *13 (D. Haw. Apr. 30, 2020) ("There can be no causal link where, as here, the alleged adverse employment actions happened before the subject protected activity.").

For all these reasons, Plaintiffs' retaliation claims fail.

**C.    Plaintiffs' "Unpaid Wages" Claim (Count II) Fails to Comply with the *Twombly/Iqbal* Pleading Standards and is Duplicative of Plaintiffs' Unlawful Failure to Reimburse and Unlawful Deductions Claim (Count III), Failure to Pay Minimum Wage Claim (Count I), and Failure to Pay Overtime Claim (Count IV); Count II Should Be Dismissed.**

Plaintiffs' newly asserted "Unpaid Wages" cause of action in Count II pursuant to Haw. Rev. Stat. §§ 388-10(a), 388-11(a) should be dismissed for failure to comply with the *Twombly/Iqbal* plausibility pleading standard.

In Plaintiffs' Second Amended Complaint, they "blend[ed] relief under two distinct chapters—HRS Chapters 387 and 388—which are both lengthy and complex." *See* ECF No. 233, at 15.   Unlike Chapter 387 (which provides for "minimum wage and overtime claims"), Chapter 388 authorizes certain "unpaid wages" claims premised on "violations of Chapter 388"—rather than on minimum wage and overtime violations of Chapter 387. *See id.* at 16-17, n.8.  In dismissing Plaintiffs' claim for combined relief under both Chapters, the Court granted Plaintiffs leave to amend with specific conditions:

> In any amendment, Plaintiffs must also clarify whether relief is sought
> for unpaid wages under HRS § 388-11(a), aside from minimum wage
> and overtime violations.  If so, the § 388-11(a) claim must not be made
> in Count II, but must be made in a separate count, ***and also comply with
> the Twombly/Iqbal plausibility pleading standards.***

*See* ECF No. 233, at 26 (emphasis added).

In the Fourth Amended Complaint, Plaintiffs heeded this Court's instruction to assert a separate count for a claim based on Chapter 388-11(a).  *See* ECF No. 256, at Count II.  But Plaintiffs failed to adhere to the Court's directive to "also comply with the *Twombly/Iqbal* plausibility pleading standards."  ECF No. 233, at 26.  That is, "generalized allegations" asserting unpaid wages are insufficient to state a plausible claim for relief.  *See id.* at 2 (citing *Landers v. Quality Comm'cns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014)).

Here, Count II is premised entirely on vague, generalized allegations that "Defendants unlawfully failed to compensate Plaintiffs and the Putative Class Members for commissions earned on all services performed" due to "comped services, discounts, and refunds" (*see* ECF No. 256, at ¶¶ 218-220, 228), and that "Defendants failed to pay Plaintiffs and the Putative Class Members for all hours worked" including "off-the-clock" work (*see id.* at ¶¶ 221-222).  Noticeably absent from these allegations are any details or instances in which any of the 100 Plaintiffs asserting the claim performed services for which they were not paid the full commissions due to them, or any specific instance of uncompensated time separate

from their minimum wage and overtime allegations.  *See* ECF No. 256, at ¶¶ 216-232.  *See also* ECF No. 233, at 22 (dismissing minimum wage and overtime claims where the SAC failed to "allege[] any instance where or when ***any*** of the over-100 named Plaintiffs worked over 40 hours during any particular work week, nor any specific instance where or when any Plaintiff was paid less than minimum wage") (emphasis in original).  Because Count II alleges only "generalized allegations" of unpaid wages, which this Court has previously found to be insufficient to plausibly state a claim under *Twombly/Iqbal*, Count II should be dismissed.  *See also* ECF No. 233, at 18 (noting that "although some of the CSAC's allegations might be construed as seeking wages for work performed besides a violation of §§ 387-2 and 387-3—those allegations are vague").  Dismissal should be with prejudice as this is now Plaintiffs' Fourth Amended Complaint.

In any event, Count II should also be stricken as duplicative of Counts I (minimum wage), III (withholding of wages), and IV (unpaid overtime).  Indeed, Count II is premised, at least in part, on allegations that Plaintiffs performed "off-the-clock" work and were not compensated "for all hours worked," which is squarely a claim for either unpaid minimum wage or unpaid overtime.  *See* ECF No. 256, at ¶ 222.  And Plaintiffs already assert a claim to recover unpaid wages under Haw. Rev. Stat. § 388-6 in Count III, which prohibits the deduction and retention of "any part or portion of any compensation earned by any employee[.]"  *See* ECF No. 256,

at ¶¶ 235.  As such, this Court should, at a minimum, strike Count II as duplicative. *See* Fed. R. Civ. P. 12(f) (authorizing the Court to strike "redundant" material"); *Greys Ave. Partners, LLC v. Theyers*, 484 F. Supp. 3d 895, 906 (D. Haw. 2020) (striking "Count III because it is duplicative of Count II"); ECF No. 233, at 32 (striking "Count III . . . as duplicative of Count V" and ordering that "any relief sought under § 388-6 must be sought in a single count . . . , not split among multiple counts").

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Counts II, V, and VI of Plaintiffs' Fourth Amended Complaint with prejudice.

Dated:  March 31, 2025

Respectfully submitted,

JONES DAY

By:   */s/ Michael J. Gray*
      Michael J. Gray

*Attorney for Defendants*,
Waldorf=Astoria Management LLC;
GW Manager LLC; BRE Iconic GWR
Owner LLC; and John Paul Oliver