FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
June 16, 2025 12:05 PM
Lucy H. Carrillo, Clerk of Court

LYNCH LAW OFFICES, LLLC
Sandra D. Lynch (Hawai'i #8584)
204 11th Street
Honolulu, HI 96813
Telephone: (808) 312-4913
Facsimile: (808) 490-0490
lynchlawhaw@gmail.com

HARMSSEN LAPOINTE
Martin K. LaPointe (Illinois ARDC# 6195827)
Brittany E. Harmssen (California SBN 307987)
Admitted Pro Hac Vice
84 W. Santa Clara St., Ste. 787
San Jose, CA 95113
Telephone: 408-422-5458
FACSIMILE: 408-332-5858
mlapointe@harmssenlaw.com
bharmssen@harmssenlaw.com

LAW OFFICES OF DANIEL FEDER
Daniel L. Feder (California SBN 130867)
Admitted Pro Hac Vice
235 Montgomery Street, Suite 1019
San Francisco, CA 94104
Telephone: 415-391-9476
Facsimile: 415-391-9432
daniel@dfederlaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAURIE BOLOS, et al., on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>  v.<br><br><u>GRAND WAILEA, A WALDORF ASTORIA</u> | Civil No. 1:23-cv-00104-JMS-KJM<br><br><br>Honorable J. Michael Seabright<br><br>Trial Date: November 12, 2025 |

1

RESORT; et al.,

            Defendants.

## PLAINTIFFS' MOTION FOR LEAVE TO EXCEED PAGE LIMIT

      Plaintiffs respectfully move this Court for leave to file their Memorandum in support of their Rule 23 Motion for Class Certification ("Rule 23 Memo") at a length of eleven (11) pages in excess of the 25-page limit set forth in LR 7.4, or 36 pages in total. Dispositive motions, which include the Rule 23 Motion for Class Certification, are due today, June 16, 2025. In support of this Motion, Plaintiffs state as follows:

      In their Rule 23 Motion, Plaintiffs seek class certification under Federal Rule of Civil Procedure 23. For this type of Motion, the plaintiff(s) must present a full and robust record to the Court in deciding whether all the factors of Rule 23 for class certification are met. There have been a total of 48 depositions taken in this case, 69,000+ pages of documents produced by Defendants, and nearly 20,000 pages of documents produced by Plaintiffs. Plaintiffs have also prepared seven (7) multipage declarations to discuss in their Rule 23 Motion. Synthesizing and discussing such an extensive record in a full and robust manner, as required by Rule 23, is an extraordinary undertaking requiring extensive details of the record.

In addition, Rule 23(a) requires analysis of the numerosity, commonality, typicality, and adequacy of the representative parties, as well as analysis of factors Rule 23(b) factors. Plaintiffs must also thoroughly analyze the misclassification issues, which is the core of this case, using the "ABC Test," and address the appropriateness of class certification for each of their state law claims, including the claims of the Retaliation Subclass. In short, the Rule 23 analysis is very extensive.

Plaintiffs' counsel certifies that they have already thoroughly edited and removed in excess of 30 pages to comply with L.R. 7.4. On May 27, 2025, Plaintiffs' counsel met and conferred with Defense counsel on this issue, and Defense counsel indicated that they would be amenable to Plaintiffs' request for additional pages, because they intended to request additional pages for a Motion for Summary Judgment. However, after multiple attempts to stipulate with Defense counsel on this issue, Defense counsel never responded to any of our follow up communications, until this morning just before Plaintiffs were prepared to file this Motion. They oppose this Motion. For the reasons discussed above, Plaintiffs require additional pages but have made every effort to outline their position as succinctly as possible and continue to make further revisions to reduce the length.

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file their Rule 23 Memo at up to 36 pages in length.

DATED: June 16, 2025				Respectfully submitted,

						By: /s/ Brittany E. Harmssen

						Brittany E. Harmssen, Esq.
						Martin K. LaPointe, Esq.
						Admitted Pro Hac Vice
						HARMSSEN LAPOINTE P.C.

						Sandra D. Lynch, Esq.
						LYNCH LAW OFFICES, LLLC

						Daniel L. Feder,
						Admitted Pro Hac Vice
						LAW OFFICES OF DANIEL FEDER

						Attorneys for Plaintiffs