JONES DAY
Michael J. Gray (*pro hac vice*)
mjgray@jonesday.com
Brent D. Knight (*pro hac vice*)
bdknight@jonesday.com
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585

LITTLER MENDELSON P.C.
Judy M. Iriye, Bar No. 10569
jiriye@littler.com.com
500 Ala Moana Blvd.
Suite 7400, PMB #404
Honolulu, HI 96813
Telephone: +1. 808.650.6064
Facsimile: +1.310.553.5583

*Additional Defense Counsel Listed on Next Page*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAURIE BOLOS, et al., on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Waldorf=Astoria Management LLC operating as Grand Wailea, A Waldorf Astoria Resort; GW Manager LLC dba Grand Wailea, A Waldorf Astoria Resort; BRE Iconic GWR Owner LLC; John Paul Oliver, an individual; and DOES 1-25,<br><br>Defendants. | Civil No. 1:23-cv-00104-JMS-KJM<br><br>**DEFENDANTS WALDORF=ASTORIA MANAGEMENT LLC'S, GW MANAGER LLC'S, BRE ICONIC GWR OWNER LLC'S, AND JOHN PAUL OLIVER'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>The Hon. J. Michael Seabright<br>Hearing Date: TBD<br>Hearing Time: TBD<br>Trial Date: November 12, 2025 |

JONES DAY
Liat L. Yamini (*pro hac vice*)
lyamini@jonesday.com
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071.2452
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539

*Attorneys for Defendants*,
 Waldorf=Astoria Management LLC;
 GW Manager LLC; BRE Iconic GWR
 Owner LLC; and John Paul Oliver

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

## <u>DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

Defendants Waldorf=Astoria Management LLC, GW Manager LLC, BRE Iconic GWR Owner LLC, and John Paul Oliver, by and through their undersigned counsel, hereby move this Court for partial summary judgment on: (1) the method for computation of Plaintiffs' minimum wage damages under Hawaii Law (Count I); (2) Plaintiffs' failure to reimburse and deductions claim under Haw. Rev. Stat. § 388-6 (Count III); (3) Plaintiffs' promissory estoppel claim (Count VII); and (4) certain Plaintiffs' Fair Labor Standards Act ("FLSA") overtime (Count IV) and Hawaii law minimum wage (Count I) claims.[1]

This Motion is made pursuant to Rule 56(a) of the Federal Rules of Civil Procedure and District of Hawaii Local Rules 7.1-7.5, 7.8, and 56.1.  This Motion is supported by the attached Memorandum, the concise statement of material facts and exhibits attached thereto, the record before this Court, and such arguments as may be presented at any hearing.  This Motion is made following a conference with Plaintiffs' counsel on May 27, 2025 pursuant to Local Rule 7.8.  Pursuant to Local Rule 7.1(c), Defendants respectfully request that the Court hold a hearing on this Motion.

---

[1] In light of the Court's ruling today denying Defendants' Partial Motion to Dismiss (ECF No. 283), Defendants will seek leave from the Court to file a supplement to this summary judgment motion as to those three claims.

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

Dated:  June 16, 2025

Respectfully submitted,

JONES DAY

By:  */s/ Michael J. Gray*

    Michael J. Gray

*Attorney for Defendants*,
Waldorf=Astoria Management LLC;
GW Manager LLC; BRE Iconic GWR
Owner LLC; and John Paul Oliver

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................1

II.   FACTUAL BACKGROUND ............................................2

III.  LEGAL STANDARD ......................................................3

IV.   PLAINTIFFS' COMMISSIONS MUST BE APPORTIONED
      ACROSS ALL HOURS WORKED IN THE WORKWEEK
      WHEN ASSESSING MINIMUM WAGE COMPLIANCE
      UNDER HAWAII LAW ....................................................5

V.    DEFENDANTS ARE ENTITLED TO JUDGMENT ON
      PLAINTIFFS' HAW. REV. STAT. § 388-6 CLAIM
      BECAUSE PLAINTIFFS AUTHORIZED DEFENDANTS TO
      MAKE DEDUCTIONS FOR LINEN FEES AND BECAUSE
      PLAINTIFFS' SERVICE CHARGE CLAIM IS NOT
      COGNIZABLE UNDER HAWAII LAW ...........................9

VI.   DEFENDANTS ARE ENTITLED TO SUMMARY
      JUDGMENT ON PLAINTIFFS' PROMISSORY ESTOPPEL
      CLAIM .............................................................................13

VII.  NO REASONABLE JURY COULD FIND THAT MANY
      PLAINTIFFS ARE ENTITLED TO OVERTIME OR
      MINIMUM WAGE ...........................................................16

VIII. CONCLUSION .................................................................19

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

**Page**

## CASES

*Anzai v. Chevron Corp.*,
    168 F. Supp. 2d 1180 (D. Haw. 2001) ...................................................4

*Bolos v. Waldorf=Astoria Management LLC*,
    762 F. Supp. 3d 975 (D. Haw. Jan. 13, 2025) ........................................6

*Boyce v. Independent Brewers United Corp.*,
    223 F. Supp. 3d 942 (N.D. Cal. 2016) ...............................................4, 5

*Caci v. Wiz of Lake Grove, Inc.*,
    267 F. Supp. 2d 297 (E.D.N.Y. 2003) ...................................................8

*California v. Campbell*,
    138 F.3d 772 (9th Cir. 1998) .................................................................5

*Clemmons v. Haw. Med. Servs. Ass'n*,
    836 F. Supp. 2d 1126 (D. Haw. Dec. 29, 2011) ...................................13

*Davis v. Four Seasons Hotel Ltd.*,
    810 F. Supp. 2d 1145 (D. Haw. 2011) ...................................................6

*Disandro v. Makahuena Corp.*,
    588 F. Supp. 889 (D. Haw. 1984) ..........................................................4

*Drayton v. City of New York*,
    2023 WL 3479619 (S.D.N.Y. May 16, 2023) ......................................17

*Gonzalez v. Diamond Resorts Int'l Mktg., Inc.*,
    2021 WL 6118706 (D. Nev. Dec. 27, 2021) ..........................................6

*Gurrobat v. HTH Corp.*,
    323 P.3d 792 (Haw. 2014) ..............................................................6, 12

*Hubbard v. Cty. of Los Angeles*,
    2024 WL 3273495 (C.D. Cal. Jun. 7, 2024) ........................................18

## TABLE OF AUTHORITIES

(continued)

**Page**

*Israel v. Township of Lenox*,
2024 WL 1224401 (E.D. Mich. Mar. 21, 2024)....................................................8

*Kahale v. ADT Automotive Servs., Inc.*,
2 F. Supp. 2d 1295 (D. Haw. Apr. 14, 1998) ...................................................16

*Kawakami v. Kahala Hotel Inv., LLC*,
341 P.3d 558 (Haw. 2014)...............................................................................12

*Lies v. Farrell Lines, Inc.*,
641 F.2d 765 (9th Cir. 1981) ..............................................................................4

*Madison v. St. Francis Med. Ctr.*,
1992 WL 531497 (D. Haw. Dec. 23, 1992) ......................................................11

*Nozaki v. Tram's LLC*,
2019 WL 7493526 (D. Haw. Nov. 1, 2019) ........................................................6

*Perez v. Brands Mart Serv. Corp.*,
2011 WL 3236022 (S.D. Fla. Jul. 28, 2011) .......................................................8

*Raines v. Seattle Sch. Dist. No. 1*,
2012 WL 527065 (W.D. Wash. Feb. 16, 2012)..................................................16

*SDV Telecommunications v. Home Depot U.S.A., Inc.*,
2006 WL 8436468 (D. Haw. Mar. 9, 2006) .......................................................4

*Torres v. Bacardi Global Brands Promotions, Inc.*,
482 F. Supp. 2d 1379 (S.D. Fla. 2007)................................................................5

*Wadsworth v. KSL Grand Wailea Resort, Inc.*,
2014 WL 6065875 (D. Haw. Nov. 12, 2014) ....................................................13

*Wag Hotels, Inc. v. Wage Labs, Inc.*,
2023 WL 3605977 (N.D. Cal. May 22, 2023)......................................................4

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

## TABLE OF AUTHORITIES
### (continued)

**Page**

*White v. Pac. Media Grp.*,
   322 F. Supp. 2d 1101 (D. Haw. Jun. 16, 2004) ..................................................16

**STATUTES**

Haw. Rev. Stat. § 388-6 ...........................................................................................10

Haw. Rev. Stat. § 481B-14 ......................................................................................11

**OTHER AUTHORITIES**

29 C.F.R. § 776.5 ......................................................................................................7

Fed R. Civ. P. 56 ...................................................................................................3, 4

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

## MEMORANDUM IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT

## I.    INTRODUCTION

Defendants seek partial summary judgment on a threshold legal issue related to the damages computation of Plaintiffs' Hawaii minimum wage count, as well as several counts in the Fourth Amended Complaint that fail as a matter of law in light of the undisputed facts.[2]  This motion first presents a narrow and purely legal question:  whether Plaintiffs' commissions must be apportioned across all hours worked in the week when assessing minimum wage compliance under Hawaii law (Count 1).  Under the Fair Labor Standards Act ("FLSA"), minimum wage compliance must be evaluated by dividing the total amount of commissions/compensation received in a workweek by the number of hours worked.  Given the similarities between Hawaii's Wage and Hour Law and the FLSA, the same approach should apply, and Plaintiffs' commissions earned in a workweek must be apportioned over all hours worked in a workweek when ascertaining minimum wage compliance.

---

[2] Defendants contend that Plaintiffs and those they seek to represent were properly classified as independent contractors at all relevant times, and therefore the FLSA and Hawaii wage and hour statutes are inapplicable, because Plaintiffs and those they seek to represent were not "employees" under the relevant statutes.  For purposes of this motion only, Defendants present arguments, assuming *arguendo*, that these statutes apply.

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

Defendants also seek summary judgment on Plaintiffs' wage deduction claim (Count III), because Plaintiffs expressly authorized Defendants to make linen fee deductions and because their "service charge" claim is not enforceable through Haw. Rev. Stat. § 388-6. Defendants seek summary judgment on Plaintiffs' promissory estoppel/detrimental reliance claim (Count VII), because Plaintiffs cannot establish the necessary elements of that claim. Lastly, Defendants seek summary judgment on the Hawaii minimum wage and FLSA overtime claims (Counts I and IV) for certain Plaintiffs, because per Plaintiffs' own expert report these Plaintiffs have no viable claim under the workweek-averaging minimum wage compliance approach. Accordingly, Defendants' motion should be granted in its entirety.

## II.    FACTUAL BACKGROUND

Plaintiffs worked as massage therapists, nail technicians, estheticians, hair stylists, and/or fitness/sports instructors at the Grand Wailea, a luxury resort in Maui (the "Hotel"). *See* SMF ¶ 1. Each Plaintiff executed an Independent Contractor Agreement ("ICA") with the Hotel that set forth the terms and conditions of engagement, including the compensation structure.[3] *See id.* ¶ 2. Pursuant to these ICAs, the Hilton Defendants (Waldorf=Astoria Management LLC and GW Manager

---

[3] Defendants do not have a record of an ICA for Plaintiff Jean Muldoon. However, there is no dispute of material fact that Muldoon also executed an ICA with the Grand Wailea during her engagement, and, indeed, she submitted a declaration to this effect in opposition to Plaintiffs' Motion to Compel Arbitration. *See* ECF No. 144-1.

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

LLC) compensated Plaintiffs primarily on a commission basis—*i.e.*, by paying them a percentage of the "final, actual price paid by the customer for services rendered after all deductions, including but not limited to discounts, credits, rebates, and taxes, have been applied." *See id.* ¶ 3.  The commission percentage paid to each Plaintiff varied, ranging from 31% to 60% of the final price paid by clients depending on the Plaintiff's role.  *See id.* ¶ 4.  The ICAs further provided that "[t]here [was] no guaranteed minimum amount of work to be performed[.]" *See id.* ¶ 5.

Each Plaintiff also authorized Defendants to charge a specific amount per treatment as a "Product & Linen Fee," and agreed that Defendants would bill each Contractor/Plaintiff for such linen fees. *See id.* ¶ 10.  The ICAs also made clear that Plaintiffs were responsible for providing "all permits or licenses," equipment required to perform their work, and other operation costs at their own expense. *See id.* ¶¶ 6-9.

Beginning on or around October 11, 2019, the Grand Wailea imposed a 20% "service charge" on services provided at the Spa Grande. *See id.* ¶ 11.  Plaintiffs received 17-18% of the service charge, in addition to their commission payments. *See id.* ¶ 12.

## III.  LEGAL STANDARD

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

56(a).  Rule 56(a) also provides that "[a] party may move for summary judgment" as to any "part of [a] claim or defense."  Fed. R. Civ. P. 56(a).  "Partial summary judgment that falls short of a final determination, even of a single claim, is authorized in order to limit the issues to be tried."  *Wag Hotels, Inc. v. Wage Labs, Inc.*, 2023 WL 3605977, at *3 (N.D. Cal. May 22, 2023); *see Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that . . . fall[s] short of a final determination, even of a single claim . . . .") (citation omitted).

Partial summary judgment is an appropriate procedural vehicle for "decid[ing] purely legal issues," including questions about the meaning of Hawaii statutes. *Disandro v. Makahuena Corp.*, 588 F. Supp. 889, 892 (D. Haw. 1984) (holding that the court may decide the correct interpretation of a Hawaii statute on a motion for partial summary judgment); *see also Anzai v. Chevron Corp.*, 168 F. Supp. 2d 1180 (D. Haw. 2001) (resolving competing interpretations of a Hawaii statute on a motion for partial summary judgment); *SDV Telecommunications v. Home Depot U.S.A., Inc.*, 2006 WL 8436468, at *2 (D. Haw. Mar. 9, 2006) (addressing legal question under a Hawaii statute and noting that "[w]hen the facts are not in dispute . . . , summary judgment may be used to decide purely legal issues").[4]  In these instances

---

[4] Courts have also found partial summary judgment to be an appropriate mechanism for resolving disputes about the computation of damages in wage and hour cases.  *See, e.g.*, *Boyce v. Independent Brewers United Corp.*, 223 F. Supp. 3d

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

the normal summary judgment standard applies.  *California v. Campbell*, 138 F.3d

772, 780 (9th Cir. 1998) (quoting Fed. R. Civ. P. 56(c)).

## ARGUMENT

**IV.   PLAINTIFFS' COMMISSIONS MUST BE APPORTIONED ACROSS ALL HOURS WORKED IN THE WORKWEEK WHEN ASSESSING MINIMUM WAGE COMPLIANCE UNDER HAWAII LAW.**

Plaintiffs allege, among other things, that "Defendants were required to pay

the [Plaintiffs] wages for each hour worked at or above the applicable state minimum

wage."  *See* ECF No. 256, ¶ 208.  Plaintiffs' expert report clarifies that Plaintiffs'

core complaint is that their commissions compensate them only for hours when they

provided services and that all other hours spent in the workplace, which they call

"non-productive time," were uncompensated.  Yamini Decl., Ex. A ¶¶ 25-26.  As a

result, Plaintiffs seek damages in the amount of the full minimum wage for all hours

they were not providing services, even when their total weekly commissions

*exceeded* the amount due under the applicable minimum wage rate.  But that is not

the law.

---

942, 943 (N.D. Cal. 2016) (ruling on "cross-motions for summary judgment as to the proper method for calculating plaintiff's damages should he ultimately succeed" on his FLSA claim); *Torres v. Bacardi Global Brands Promotions, Inc.*, 482 F. Supp. 2d 1379 (S.D. Fla. 2007) (granting partial summary judgment on "the appropriate method for computing overtime in the event [plaintiff] is found to be a non-exempt employee at trial").

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

Courts—including this Court in this case—have routinely looked to the FLSA in interpreting Hawaii wage and hour statutes. *See, e.g.*, *Bolos v. Waldorf=Astoria Management LLC*, 762 F. Supp. 3d 975, 1001 (D. Haw. Jan. 13, 2025) (analyzing "similarities" between definitions under the FLSA and Haw. Rev. Stat. § 388-1 and "look[ing] to federal case law for guidance in interpreting § 388-1"); *Gonzalez v. Diamond Resorts Int'l Mktg., Inc.*, 2021 WL 6118706, at *4 (D. Nev. Dec. 27, 2021) (predicting that "the Supreme Court of Hawaii would follow the federal case law on the FLSA's definition of willfulness to determine that term's meaning under § 387-12(b)"); *Nozaki v. Tram's LLC*, 2019 WL 7493526, at *7 (D. Haw. Nov. 1, 2019) (concluding that the Hawaii Supreme Court would likely apply the FLSA test for "the vocational student/employee scenario" given the "similar" definitions found in Haw. Rev. Stat. §§ 387-1, 388-1); *Davis v. Four Seasons Hotel Ltd.*, 810 F. Supp. 2d 1145, 1158–59 (D. Haw. 2011) (construing the word "employ" under Haw. Rev. Stat. § 388–1 in light of federal case law construing the FLSA); *cf. Gurrobat v. HTH Corp.*, 323 P.3d 792, 810 (Haw. 2014) (following *Davis*, 810 F. Supp. 2d 1145).

And under the FLSA, a worker's compensation must be apportioned across all hours worked in the week for purposes of calculating any minimum wage shortfall. This approach applies to workers paid on commission just as it does to other workers. The Department of Labor's Field Operations Handbook says that expressly. *See* Department of Labor, Field Operations Handbook, 30b02 ("[A]n

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

employee . . . is considered to be paid in compliance if the overall earnings for the workweek equal or exceed the amount due at the applicable minimum wage rate . . . regardless of whether the employee is paid on the basis of a single hourly rate, different hourly rates, *commissions*, certain bonuses, or some combination of these methods.") (emphasis added).  Federal regulations do, too.  *See* 29 C.F.R. § 776.5 (explaining that the minimum-wage requirement "does not mean that employees cannot be paid on a . . . commission, or other basis; it merely means that whatever the basis on which the workers are paid, . . . they must receive at least the equivalent of the minimum hourly rate").

Consistent with these authorities, federal courts have consistently held that the workweek averaging approach is the appropriate method for assessing minimum wage compliance under the FLSA for employees compensated wholly or in part on a commission basis.  For example, in *Balasanyan v. Nordstrom, Inc.*, the defendant compensated plaintiffs primarily by paying commissions.  913 F. Supp. 2d 1001, 1009-10 (S.D. Cal. 2012).  Like Plaintiffs here, the *Balasanyan* plaintiffs alleged that the defendant had underpaid them "by only compensating them for time spent on . . . commission producing activities," leaving other hours spent in the workplace uncompensated.  *Id.* at 1003.  The court rejected that theory and granted summary judgment in favor of the defendant because the plaintiffs' average hourly compensation—extrapolated across a full workweek—exceeded the minimum

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

wage. *Id.* at 1009. In so ruling, the *Balasanyan* court found "unpersuasive" a lone District of Massachusetts decision endorsing a different approach "because its analysis fail[ed] to consider the hour-by-hour method is less effective when analyzing varying forms of compensation, including commissions." *See id.* (citing *Norceide v. Cambridge Health All.*, 814 F. Supp. 2d 17, 25 (D. Mass. 2011)).

Other courts around the country have likewise apportioned commissions across all hours worked in a week in assessing minimum wage compliance under the FLSA. *See, e.g.*, *Israel v. Township of Lenox*, 2024 WL 1224401, at *6-7 (E.D. Mich. Mar. 21, 2024) (minimum wage compliance under the FLSA for "employee[s] paid on a commission-only basis" is "calculated by taking an individual's total pay for a pay period and dividing it by the number of hours actually worked during that pay period"); *Perez v. Brands Mart Serv. Corp.*, 2011 WL 3236022, at *6 (S.D. Fla. Jul. 28, 2011) (granting summary judgment on FLSA minimum wage claim where plaintiff's "compensation always exceeded the minimum wage" when averaging his weekly commissions across all hours worked); *Caci v. Wiz of Lake Grove, Inc.*, 267 F. Supp. 2d 297, 300 (E.D.N.Y. 2003) (holding that a plaintiff paid on commission "was paid at least the required minimum wage for every hour worked" because his "weekly pay divided by the total hours he worked—including hours he worked after the store closed—yielded an hourly rate exceeding the required minimum wage").

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

Here, Plaintiffs executed Independent Contractor Agreements with the Hotel that provided for compensation based on "[c]ommissions on spa services" at a designated percentage "of the final, actual price paid by the customer for services rendered." *See* SMF ¶ 3. The only sensible way to assess whether those commissions satisfy Hawaii's minimum wage requirement is to allocate the commissions across all hours worked in a given week.

For all of these reasons, this Court should construe adopt the FLSA workweek-averaging approach, and hold that Plaintiffs commissions must be apportioned across all hours worked in a week when assessing minimum wage compliance under Hawaii law.

## V.    DEFENDANTS ARE ENTITLED TO JUDGMENT ON PLAINTIFFS' HAW. REV. STAT. § 388-6 CLAIM BECAUSE PLAINTIFFS AUTHORIZED DEFENDANTS TO MAKE DEDUCTIONS FOR LINEN FEES AND BECAUSE PLAINTIFFS' SERVICE CHARGE CLAIM IS NOT COGNIZABLE UNDER HAWAII LAW.

In Plaintiffs' unlawful deductions claim (Count III) Plaintiffs allege that "Defendants unlawfully deducted from Plaintiffs' and the Putative Class Members' paychecks for linen fees and gratuities to employees." *See* ECF No. 256, ¶ 236. As to linen fees, Plaintiffs allege that they "were required to pay linen fees each pay period at various set amounts throughout the relevant period, and these linen fees were unlawfully deducted from their paychecks by Defendants." *Id.* ¶ 237. As to their service charge claim, Plaintiffs allege that "Defendants charged the clients of

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs and the Putative Class Members an automatic 20% gratuity" (*id.* ¶ 167), but "Plaintiffs and the Putative Class Members received only 17%." *Id.* ¶ 238.  Both theories fail as a matter of law.  Defendants are entitled to summary judgment on Plaintiffs' claim because: (1) each Plaintiff authorized Defendants to make deductions for linen fees, and (2) Plaintiffs' theory that they are entitled to the full service charge customers paid is foreclosed by Hawaii law.[5]

**Deduction of Linen Fees.**  Haw. Rev. Stat. § 388-6 states that "[n]o employer may deduct, retain, or otherwise require to be paid, any part or portion of any compensation earned by any employee *except . . . when such deductions or retentions are authorized in writing by the employee*[.]" (emphasis added).  Citing this provision, Plaintiffs contend that Defendants "unlawfully deducted from Plaintiffs' and the Putative Class Members' paychecks for linen fees."  *See* ECF No. 256, ¶ 237.  But it is undisputed that each Plaintiff executed an ICA during the relevant time period agreeing that he or she would "be charged [a specific amount] per treatment" as a "Product & Linen Fee," and that Defendants would bill "each Contractor . . . on the 1st week of the following month" for such linen fees.  *See*

---

[5] To the extent Plaintiffs purport to bring a claim under Count III for unreimbursed expenses (*see* ECF No. 256, ¶ 241), this claim is not cognizable under Haw. Rev. Stat. § 388-6, because it does not concern reimbursable business expenses; rather, it addresses withholding and deductions of wages.  Indeed, the Hawaii state legislature has only recently introduced a bill addressing employee reimbursement in the context of mileage.  *See* HB1454.  Nor do Plaintiffs cite any authority for this theory in their Fourth Amended Complaint.

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

SMF ¶ 10.    Because it is undisputed that "deductions [for linen fees] [were] authorized in writing by the [Plaintiffs]," (*see* Haw. Rev. Stat. § 388-6), Plaintiffs' linen fee deductions claim fails as a matter of law.  *Cf. Madison v. St. Francis Med. Ctr.*, 1992 WL 531497, at *4 (D. Haw. Dec. 23, 1992) (explaining that defendant "only violated [Chapter 388-6] if [plaintiff] did not consent to the deduction from his paycheck").

***Retention of Service Charge.***  Plaintiffs also claim an entitlement to the small percentage (2-3%) of the service charge that was not disbursed to them (there is no dispute they got the other (17-18%)).  *See* ECF No. 256, ¶ 238; SMF ¶ 12.  Plaintiffs allege that the full "service charge" the Grand Wailea charged to customers on spa services should be characterized as Plaintiffs' "wages" under Haw. Rev. Stat. § 388-1, and Defendants' failure to distribute all 20% is therefore actionable under Haw. Rev. Stat. § 388-6.  *See, e.g.*, Yamini Decl., Ex. A, ¶¶ 36-38.  But the Hawaii statute addressing mandatory service charges states: "Any: (1) Hotel or restaurant that applies a service charge *for the sale of food or beverage services*; or (2) Hotel that applies a service charge *for porterage services*; shall distribute the service charge directly to its employees as tip income or clearly disclose to the purchaser of the services that the service charge is being used to pay for costs or expenses other than wages and tips of employees."  Haw. Rev. Stat.  §481B-14 (emphasis added).  This statute is, on its face, inapplicable to service charges imposed on spa treatments.

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

In *Villon v. Marriott Hotel Services, Inc.*, the Hawaii Supreme Court held that employees may recover for violations of Haw. Rev. Stat. § 481B-14—Hawaii's service charge statute—through Haw. Rev. Stat. § 388-6.  306 P.3d 175, 177 (Haw. 2013).  In reaching this conclusion, the Hawaii Supreme Court explained that "for the purpose of enforcement under HRS § 388-6 . . . , 'wages' includes service charges as 'tips or gratuities of any kind,' *because HRS § 481B-14 defines service charges as 'tip income' and 'wages and tips of employees*.'"  *See Villon*, 306 P.3d at 180 (emphasis added).  In other words, "wages" recoverable under Haw. Rev. Stat. § 388-6 encompass only those "service charges" described in Haw. Rev. Stat. § 481B-14—*i.e.*, service charges in connection with "the sale of food or beverage services" or "porterage services," because the Hawaii legislature "expressly equate[d]" those service charges "with 'tip income' and 'wages and tips of employees.'"  *See id.*; *see also Kawakami v. Kahala Hotel Inv., LLC*, 341 P.3d 558, 556 (Haw. 2014) (noting "that *Villon*'s holding is expressly limited to the meaning of 'compensation earned' under HRS § 388-6"); *Gurrobat v. HTH Corp.*, 323 P.3d at 807 (explaining that *Villon* holds "that when a hotel or restaurant applying a service charge for the sale of food or beverage violates HRS § 481B-14 . . . , an employee may bring an action under HRS §§ 388-6, -10, and -11").

Consistent with *Villon*, to succeed on a claim for unpaid service charges under Haw. Rev. Stat. § 388-6, plaintiffs "must present sufficient evidence to establish that

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

Defendants: (1) employed Plaintiffs as food and beverage servers; (2) retained portions of food and beverage service charges while employing Plaintiffs; and (3) failed to clearly disclose to customers that the service charges would not be remitted in full to Plaintiffs. *Wadsworth v. KSL Grand Wailea Resort, Inc.*, 2014 WL 6065875, at *4 (D. Haw. Nov. 12, 2014) (citing *Davis v. Four Seasons Hotel Ltd.*, 810 F. Supp. 2d 1145, 1157 (D. Haw. 2011)). It is undisputed that Plaintiffs were not food and beverage servers. *See* SMF ¶ 1. Moreover, it is undisputed that that the "service charge" that Plaintiffs seek to recover did not apply to "the sale of food or beverage services" or "porterage services"; rather, it applied to spa services— which is not covered by Haw. Rev. Stat. § 481B-14. *See id.* ¶ 11. Accordingly, Plaintiffs' service charge claim under Haw. Rev. Stat. § 388-6 is not cognizable as a matter of law and summary judgment is warranted.

## VI.   DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' PROMISSORY ESTOPPEL CLAIM.

Defendants are also entitled to summary judgment on Plaintiffs' promissory estoppel claim. In order to establish a claim for promissory estoppel, a plaintiff must establish that: (1) there was a promise; (2) the promisor, at the time he or she made the promise, would foresee that the promisee would rely upon the promise; (3) the promisee did in fact rely upon the promisor's promise; and (4) enforcement of the promise is necessary to avoid injustice. *See Clemmons v. Haw. Med. Servs. Ass'n*, 836 F. Supp. 2d 1126, 1144 (D. Haw. Dec. 29, 2011). A promise must be both

"clear" and "definite" to support a promissory estoppel claim.  *See id.* ("[A] 'promise' is 'a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made . . . . A promisor manifests an intention if he believes or has reason to believe that the promisee will infer that intention from his words or conduct'").

Plaintiffs' promissory estoppel theory is premised on an allegation that "[t]hroughout the pandemic and years of construction on Defendants' new Spa, Defendants repeatedly made oral promises and written representations to the Retaliation Subclass Members promising that the Retaliation Subclass Members would maintain their years of seniority at the newly constructed Spa slated to open in February 2024."  *See* ECF No. 256, ¶ 282.  They further contend that they relied on these promises, "believing if they temporarily stuck it out thorough the economic downturn, severe decline in client volume, and substandard working conditions, they would eventually be rewarded when the new Spa opened by maintaining their seniority benefits, including higher wages, priority shift selection, and more time off."  *See id.* ¶ 283.

Plaintiffs' promissory estoppel claim fails because Plaintiffs cannot establish a clear and definite promise made by anyone at the Grand Wailea—let alone that any of the Retaliation Subclass Members in fact relied on any such promise by foregoing a specific job opportunity.  In their depositions, Plaintiffs testified to vague

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

comments from various (often unspecified) sources relating to the retention of seniority and better opportunities once the new Spa opened. *See, e.g.*, Yamini Decl., Ex. J at 182:20–183:11 ("You know, it wasn't like, . . . I promise you. It was a lot of -- and this came from several people . . . just hang in there, it's going to be amazing, you're going to be so glad you stuck it out."); Yamini Decl., Ex. C at 290: 7–22 ("It was like they had a carrot dangling in front of us, promising us that if you just hang in there, if you endure hardly making any money, if you can just get by the hump, you're going to make tons of money when we open. They promised us we were."); Yamini Decl., Ex. K at 178:21-179:2 ("I hung in there with this company because I thought – you know, there was so much talk about how the new spa was going to be great and busy and were all going to have seniority and, you know, be making money and times are changing, et cetera, et cetera."); Yamini Decl., Ex. L at 146:20-22 ("We were told that, hang on, we're going to be opening the spa soon. You'll still have your seniority."). Some Plaintiffs even attribute these statements to other Plaintiffs'. *See, e.g.*, Yamini Decl., Ex. J at 183:4-6 ("And it would get said by Laurie. You know, like, when Laurie would contact us about what was going on, she would say, hang in there. Everybody would say, hang in there.").

Even assuming Plaintiffs could establish that some specific employee of Defendants made some specific promise, these vague assurances for Plaintiffs to "hang in there" and "stick with it" until the new Spa opened are insufficient to

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

support their promissory estoppel claim as a matter of law.  *See, e.g.¸ Kahale v. ADT Automotive Servs., Inc.*, 2 F. Supp. 2d 1295, 1301 (D. Haw. Apr. 14, 1998) (granting summary judgment where statement that company "was here to stay and that [plaintiff] should remain with the company" was insufficient to constitute "the type of clear and definite promise which is required for a cause of action for promissory estoppel").  Nor can a vague promise to retain seniority support a promissory estoppel claim.  *See, e.g.*, *Raines v. Seattle Sch. Dist. No. 1*, 2012 WL 527065, at *8 (W.D. Wash. Feb. 16, 2012) (alleged promise to "protect [plaintiff's] position and seniority" could not support a promissory estoppel claim).

Even if Plaintiffs could point to a "clear" and "definite" promise, Plaintiffs cannot present any evidence that they relied on such statements, such that they passed on any job opportunity as a result of the alleged promise.  *See, e.g.*, *White v. Pac. Media Grp.*, 322 F. Supp. 2d 1101, 1109 (D. Haw. Jun. 16, 2004) (granting summary judgment on promissory estoppel claim where plaintiff did "not argue that she passed on a job opportunity or made some type of life change . . . in reliance on Defendants' alleged promise of a constant salary for life").  Accordingly, summary judgment on Plaintiffs' promissory estoppel claim should be granted.

## VII.  NO REASONABLE JURY COULD FIND THAT MANY PLAINTIFFS ARE ENTITLED TO OVERTIME OR MINIMUM WAGE.

Even assuming Plaintiffs were misclassified, no reasonable jury could find that many Plaintiffs are entitled to overtime under the FLSA or minimum wage

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

under Hawaii law.  Indeed, Plaintiffs' *own expert report* identifies 29 Plaintiffs[6] (out of the 54 Plaintiffs asserting FLSA claims) who have $0 in overtime damages—even after applying their assumptions about hours spent working at the Grand Wailea before, after, and outside of their shifts.  *See* Yamini Decl., Ex. A, Todd Report, at Ex. 8.1; SMF ¶ 19.   Because their own expert's report entirely negates their individual claims, Defendants are entitled to summary judgment on the FLSA overtime claims for these 29 Plaintiffs.  *See, e.g.*, *Drayton v. City of New York*, 2023 WL 3479619, at *3 (S.D.N.Y. May 16, 2023) ("In this case, Plaintiffs' own expert sets forth no evidence that two opt-in Plaintiffs .. . had damages in the specific week analyzed. . . . As such, the Court GRANTS summary judgment to Defendants as to [those] Plaintiffs[.]").  For the same reasons, Defendants are entitled to summary judgment on the Hawaii minimum wage claims brought by 12 other Plaintiffs.[7]  *See* Yamini Decl., Ex. A, Todd Report, at Ex. 3; SMF ¶ 20.

---

[6] These Plaintiffs are: Aimee Adams, Alison Belding, Kathleen Blaser, Robin Bolos, Marisela Bracho, Inge Brodehl, Jacqueline Bui, Erin Carroll, Tina Ecklar, Carissa Franco, Melanie Friske, Pamela Gist, Alina Ibragimova, Felicitas Johnson, Gabrielle Kater, April Lamparelli, Wendie Lindsay, Kathryn Lundquist, Adriana Maguire, Sara Medeiros, Ana Miranda, Holli Morton, Danielle Olson, Dayna Pacheco, Michael Painchaud, Heavenly Quintero, Jeanne Reynolds, Kyla Schwartz, and Nancy Vandervoort.

[7] Naoko Curry, Gail DeCoite, Firmiana Egan, Kalena Kaili-Thomas, Kathryn Lundquist, Leslie McGuire, Jean Muldoon, Dayna Pacheco, Julie Taketa, Barbara Timo, Tara Walsh, and James Wash.

And six Plaintiffs'—Carissa Franco, Dayna Pacheco, Hollingsworth Morton, Jeanne Reynolds, Felicitas Johnson, and Patricia Pace—FLSA claims are also time-barred.  Under the FLSA, "the statute of limitations runs until 'the date when the complaint is filed, . . . *and* [an individual's] written consent to become a party plaintiff is filed on such date in the court in which the action is brought.'"  *Hubbard v. Cty. of Los Angeles*, 2024 WL 3273495, at *3 (C.D. Cal. Jun. 7, 2024) (citing 29 U.S.C. § 256(a) and collecting cases).  Where "more than three years pass[] between the last date Plaintiffs' claims could have accrued and the date Plaintiffs filed their Consent Forms," Plaintiffs' claims are untimely and summary judgment is warranted.  *See id.*

Each of the six Plaintiffs filed their consent forms more than three years after they last performed services for the Grand Wailea.  Carissa Franco last worked at the Grand Wailea on July 17, 2021 (SMF ¶ 13), but did not file her consent form until August 28, 2024.  *See* ECF No. 191.  Dayna Pacheco last worked at the Grand Wailea on March 19, 2020 (SMF ¶ 14), but did not file her consent form until August 28, 2024.  *See* ECF No. 191.  Hollingsworth Morton last worked at the Grand Wailea on March 19, 2021 (SMF ¶ 15), but did not file her consent form until August 28, 2024.  *See* ECF No. 191.  Jeanne Reynolds last worked at the Grand Wailea on March 14, 2020 (SMF ¶ 16), but did not file her consent form until August 28, 2024.  *See* ECF No. 191.  Felicitas Johnston last worked at the Grand Wailea on in June

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT

2021 (SMF ¶ 17), but did not file her consent form until August 28, 2024. *See* ECF No. 191. Patricia Pace last worked at the Grand Wailea in March 2021 (SMF ¶ 18), but did not file her consent form until August 28, 2024. *See* ECF No. 191. Accordingly, summary judgment is also warranted on these nine Plaintiffs' FLSA claims.

## VIII. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Partial Motion for Summary Judgment.

Dated: June 16, 2025

Respectfully submitted,

JONES DAY

By: _/s/ Michael J. Gray_
    Michael J. Gray

*Attorney for Defendants*,
Waldorf=Astoria Management LLC;
GW Manager LLC; BRE Iconic GWR
Owner LLC; and John Paul Oliver

DEFENDANTS' NOTICE OF MOTION AND MOTION
FOR PARTIAL SUMMARY JUDGMENT